# Commonwealth v. Zimmerman, Appellant.

*Appeals—Summary conviction—Evidence—Record.*

1. On an appeal from a judgment of the quarter sessions affirming a judgment of a justice of the peace in a summary conviction under the Posting Notice Act of April 14, 1905, P. L. 169, the appellate court cannot consider the evidence or review the findings of fact based upon such evidence.

*Deed—Waters—Covenant running with land.*

2. A provision in a deed that "it is further agreed that the grantee is to have the privilege to fetch water at the spring of the grantor at all times," does not create a covenant running with the land, and the grantee cannot convey such right to another person. If such person attempts to exercise the right he may be summarily convicted under the Act of April 14, 1905, P. L. 169, if the land upon which the spring is situated has been posted.

3. Where a person goes upon the land of another in order to lay a pipe from a spring to his own premises, he cannot relieve himself from the charge of trespass, by asserting that he had laid a pipe from the spring twenty-three years before, if it appears that such pipe had become choked up and had not been used for twenty-one years before the entry.

Argued Dec. 3, 1913. Appeal, No. 186, Oct. T., 1913, by defendant, from judgment of Q. S. Schuylkill Co.,

Jan. T., 1913, No. 177, affirming judgment of Justice of the Peace in case of Commonwealth v. Hiram Zimmerman et al. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace.

KOCH, J., filed the following opinion:

This case is one of summary conviction and is before us on appeal specially allowed by the court: Section 14, art. V, Const.; Act of April 17, 1876, P. L. 29, and is to be disposed of by the court without the intervention of a jury: Com. v. Waldman, 140 Pa. 89; Com. v. Layton, 45 Pa. Superior Ct. 582, 585.

Joel Yoder made affidavit before justice of the peace McFadden, in which he averred that "he has trespass notices posted on his premises, according to the Act of April 14, 1905, P. L. 169," and the above-named defendants "saw him put the said notices up" and "did trespass on" his ground "on the 29th day of October, 1912, contrary to the said act of assembly."

After hearing by the said justice of the peace, judgment was entered against the said defendants and they were ordered to forfeit and pay a fine of $10.00, etc.

Hiram Zimmerman, by virtue of a deed from Abraham Zimmerman and wife, dated May 4, 1883, and recorded in this county in Deed Book No. 167, p. 489, etc., claims title to two acres and 107 perches of land situate in Eldred township, being the same premises which John Litwiller and his wife, by their deed dated December 12, 1873, and recorded in Deed Book No. 135, p. 314, conveyed to the said Abraham Zimmerman. In the latter deed Abraham Zimmerman was given a certain privilege, which is set forth in the following words, to wit: "And it is further agreed to have the privilege to fich wathar at the spring of said John Litwiller at all times." No reference is made to this fact in Hiram Zimmerman's deed, but the deed is in the ample form

usual in deeds of conveyances in this commonwealth, and conveys all the rights, liberties, privileges, hereditaments and appurtenances to the premises belonging, and all the estate, right, title, interest, property, possession, claim and demand whatsoever, both in law and equity, of the said Abraham Zimmerman, of, in and to the said premises, with the appurtenances.

The land conveyed to Abraham Zimmerman in 1873 and now owned by said Hiram Zimmerman, is only a part of a larger tract which John Litwiller, the grantor, then owned. Joel Yoder, the prosecutor, now owns the part on which the spring is situate. The two parcels owned respectively by Yoder and Hiram Zimmerman lie opposite each other, along the public road leading from Ashland Helfenstein in this county, Yoder's parcel being on the northerly side, and Zimmerman sold the westerly part of his ground to Charles Maurer, who erected thereon a dwelling house and other buildings, in lieu of other buildings which had been there before that time. It was for the use in or about those prior buildings that water had been fetched from the said spring, under the privilege mentioned in the said deed of 1873. On the eastern portion of Zimmerman's ground he has also a dwelling.

When the deed of 1873 was made and the right to fetch water was given to Abraham Zimmerman, water was carried in buckets along a path which led from Zimmerman's place to the spring. About twenty-three years ago a half-inch pipe was laid from the spring to a butcher shop located on the piece which Abraham Zimmerman purchased, but its use was abandoned shortly afterward—more than twenty-one years ago. In the meantime the pipe became choked. Hiram Zimmerman, intending to replace the said one-half inch pipe with a three-quarter inch pipe, recently entered the land of Yoder, removed sprouts and saplings, and proceeded to dig a trench. He purposed to divert the former pipe line at the side of the road. Yoder had posted notices

warning trespassers, under the act approved April 14, 1905, P. L. 169, but the defendants disregarded these notices under a claim of right to enter Yoder's land for the purpose of relaying the pipe line with a larger pipe.

The first section of the Act of April 14, 1905, P. L. 169, makes it "unlawful for any person willfully to enter upon any land within the limits of this commonwealth, where the owner or owners of said land has caused to be prominently posted upon said land printed notices that the said land is private property, and warning all persons from trespassing thereon, under the penalties provided in" the act. For any violation of the act a penalty not exceeding $10.00 may be imposed, to be paid to the school fund of the district in which the trespass is committed, and in default of payment of said penalty and costs, the party convicted shall be committed to the county jail of the proper county for one day for each dollar of fine imposed.

The defendants claim they had a lawful right to do what they did do. They base such right upon the language herein before quoted as contained in Litwiller's deed to Zimmerman. Do the words referred to give such right to Hiram Zimmerman, and through him to his employees and agents? The words created neither an exception nor a reservation. If they did, they would enure to the benefit of Litwiller. They confer a benefit on Abraham Zimmerman. The deed conveyed to him the land therein described, and the added words were intended to show that there was an agreement between the grantor and the grantee, by virtue of which agreement Abraham Zimmerman had the right at all times to fetch water from the spring on Litwiller's remaining land. Whatever may be the rights of a riparian owner, they are subject to his disposition, as are other parts of his land. He may reserve them out of a grant, convey them and retain the land, or by grant or devise sever one from the other: Carter v. Tinicum Fishing Co., 77 Pa. 310; Palmer v. Farrell, 129 Pa. 162; Gibbs v. Sweet,

20 Pa. Superior Ct. 275.   Litwiller's agreement with Abraham Zimmerman created an easement in Zimmerman at all times: 14 Cyc. 1143.

Is the agreement which created the easement a covenant running with the land?   Is the easement appurtenant or in gross?   That there may be the grant of an easement in gross personal to the grantor, is not to be denied: Tinicum Fishing Co. v. Carter, 61 Pa. 21.   But when the easement is in gross it cannot be assigned to any other person nor transmitted by descent: Tinicum Fishing Co. v. Carter, 61 Pa. 21.   The clause in the said deed contains no words creating an estate of inheritance, the words "heirs and assigns," or their equivalent, not appearing in the clause.

In Kister v. Reeser, 98 Pa. 1, one William Reeser made a deed to Drorbaugh conveying part of a larger tract of land, and in the deed reserved a right of way in the following language, to wit: "The said William Reeser doth reserve a road ten feet wide along the line of Joseph Berger, to be shut at each end by a bar or gate."   Drorbaugh's title passed by certain mesne conveyances to Isaac Kistler.   William Reeser conveyed another portion of the said tract to George Reeser and shortly thereafter died.   Kistler then placed a permanent fence at each end of the said road and later George Reeser broke the said fences down and drove a team over the said road.   Kistler then brought an action of trespass against George Reeser.   The plaintiff requested the court below substantially to charge the jury that the right to the road, not having been reserved to William Reeser, his heirs and assigns, ceased and determined on the death of William Reeser, and that such reservation was no justification of the trespass committed by the defendant; but the court declined so to charge and the Supreme Court reversed.

In Wilder v. Wheeler, 60 N. H. 351, it was held that a grant of a right to lay down an aqueduct upon the land of the grantor and draw water therefrom for the

use of the grantee, would not convey an assignable interest unless words of inheritance were used or it could be inferred from the language of the whole deed that such was the intent of the parties. It was said in Bean v. French, 140 Mass. 229, 3 N. E. Repr. 206, and in Hogan v. Barry, 143 Mass. 538, 10 N. E. Repr. 253, that the word "heirs" is necessary to create an easement in fee. In the former case, the plaintiff claimed a right of way over defendant's land under a deed from one Merryfield to Cobleigh, which contained the following clause: "Reserving, however, to myself the privilege of a bridle road in front of the house;" and the court said, "As the reservation contains no words of inheritance, it follows, according to authorities cited above, that Merryfield had only a life estate in the easement."

The language taken from Zimmerman's deed means that Abraham Zimmerman had the privilege to fetch water from the spring at all times, and that he was restricted in the exercise of the privilege to the method of fetching water at the time: Myton v. Wilson, 6 Pa. Superior Ct. 293. Zimmerman no doubt acquired an easement by virtue of the words set forth in the deed: 14 Cyc. 1142f; but we think the easement was in gross and personal to the grantee, and that the covenant under which it arose made it intransitive. Abraham Zimmerman could continue to enjoy the easement only in the manner that he enjoyed it in 1873, but he could not convey it as an appurtenance to the land. It was not practically annexed to the land nor necessary to its enjoyment: Philbrick v. Ewing, 97 Mass. 133.

The laying of the half-inch pipe by Hiram Zimmerman, twenty-three years ago, may have been with the consent or acquiescence of the owner of the ground containing the spring, and, if such were the case, might be regarded as evidence of the like interpretation of said quoted clause by both parties in interest, and with such interpretation we would not now be willing to interfere;

but the mere existence of the pipe is, however, not sufficient of itself to compel the inference of such acquiescence, consent or interpretation, and especially not when counsel for defendants urge that the laying of the pipe in place twenty-three years ago and its undisturbed position there for all that time, establishes a prescriptive right in Hiram Zimmerman to now repair or renew it; for such facts are not alone sufficient to establish a prescriptive right.   The pipe had become useless by becoming choked, and could not be used.   True, it lay on Yoder's land; but acquisition of the right by prescription necessarily implies a long continued use.   Besides, a nonuser of a prescriptive right for more than twenty-one years, under the circumstances of this case, raises, we think, a presumption of abandonment: Dyer v. Depui, 5 Whart. 594; Smyles v. Hastings, 22 N. Y. 217; Smiles v. Hastings, 24 Barb. 44; 3 Kent's Com. 448; 14 Cyc. 1186.

Where, however, an easement lies in grant, there arises no presumption of abandonment by mere nonuser: Richmond v. Bennett, 205 Pa. 470; Weaver v. Getz, 16 Pa. Superior Ct. 418; Twibill v. Lombard & South St. Pass. Ry. Co., 3 Pa. Superior Ct. 487; Bombaugh v. Miller, 82 Pa. 203; Lindeman v. Lindsey, 69 Pa. 93; Hall v. McCaughey, 51 Pa. 43.

The act of permitting the pipe to become choked and so to remain, without any attempt to make use of it or repair it, for so many years, is evidence of such decisive and conclusive character as to indicate and prove Zimmerman's intention to abandon it entirely.   It is not shown that the pipe was in the line of that path over which water had been fetched in buckets, nor when fetching water in buckets ceased.   The buildings which the pipe served are no longer there and the land upon which they were erected belongs not now to Hiram Zimmerman but to Maurer, his grantee.   Hiram Zimmerman's abandonment of the use of the said pipe over twenty-one years ago, and the absence during all that

interval of any assertion on his part of his right to fetch water from the spring or to repair or renew the pipe, create, we think, a presumption to defeat his right of prescription, if he ever had acquired any such right; and even if he had made such assertion or had repaired or renewed the pipe, he could not have the right to remove the pipe and replace it with a larger one: Onthank v. Lake Shore & Michigan Southern R. R. Co., 71 N. Y. 194; Fitzhugh v. Raymond, 49 Barb. 645. Nor to relay it in a different place on the defendant's land: Woodcock v. Estey, 43 Vt. 515. Nor would he have the right to make use of the water to supply tenants or owners of new additional building erected on the land originally conveyed to Abraham Zimmerman. In 1873, water was fetched from the spring for the use of Abraham Zimmerman and his family, but Hiram Zimmerman now wants to fetch the water for the use of several families. He might thus take the entire flow of the spring and thereby deprive the owner of any use of the spring whatever. The owner of the dominant estate may not change its condition so as to increase the burden of the servitude upon the servient estate, and if he does change it so as the enjoyment of the excess cannot be separated from that of the original right, it may operate to destroy or extinguish the easement entirely: Smith v. Margerum, 21 I. C. C. Rep. 209.

An easement may be created by words sounding in covenant, and the word "agree" in a deed may have to be read as meaning "grant:" Hogan v. Barry, 143 Mass. 538; Bronson v. Coffin, 108 Mass. 175; but we can find nothing in Litwiller's deed to Abraham Zimmerman, nor in the other facts of the case, that, in our opinion, calls for or warrants such construction here as would create a covenant running with the land. We think the trespass is established.

And now, July 28, 1913, the judgment of the justice of the peace is affirmed and the defendants are directed to pay the fine imposed and all the costs, as well those

incurred before the justice of the peace as those incurred on this appeal.

*Error assigned* was the judgment of the court.

*George F. Krapp*, with him *William C. Devitt*, for appellants.

*Walter G. Treibly*, with him *Frank J. Laubenstein*, for appellee.

PER CURIAM, February 20, 1914:

This is an appeal from the judgment of the court of quarter sessions affirming, on appeal, a judgment of a justice of the peace in a summary conviction under the Act of April 14, 1905, P. L. 169. The case was heard by the court without a jury, and, of course, the evidence taken on the hearing was not sent up with the record. It is insisted by appellee's counsel that under the circumstances the opinion of the court must be deemed to contain all the facts that can be considered on this appeal. The defendants certainly have no standing to insist that any other facts can be considered, for it is to be borne in mind that, while this case comes before us by what is called an appeal, it is really but a certiorari. On the facts set forth by the learned judge as the ground of his decision, the judgment was clearly right, and nothing can be profitably added by us to his opinion.

The judgment is affirmed.