## Leach *v.* Philadelphia, Harrisburg & Pittsburgh Railroad Company, Appellant.

*Eminent domain—Railroad companies—Alleys — Condemnation—Measure of damages—Right of way—Encroachment—Abandonment.*

1. Where a railroad company has condemned for railroad purposes an easement of way over an alley, it is error to permit the owner of the property to prove as an item of damage the cost of "rearranging his ground necessitated by the closing of the alley and the road over his property."

2. Where in such case it appeared that plaintiff had opened a quarry, which encroached in part upon the alley, it was error to permit a witness to base his estimate of damage upon the value of other ground of plaintiff, which would have to be used to take the place of the alley which was appropriated, and upon the value of stone which was under the surface which the witness thought could otherwise have been quarried from the additional ground.

3. In such case it was for the jury to determine whether the conduct of plaintiff in opening a stone quarry and in erecting a building upon part of the right of way amounted to the abandonment of the alley as such.

4. The fact that an owner of land has encroached upon an abutting alley over which he has a right of way, making of it a convenience in his private business, gives him no right to reckon the loss of such personal conveniences as part of the damages to be recovered when the alley is condemned for railroad purposes.

Argued April 23, 1917. Appeal, No. 339, Jan. T., 1916, by defendant, from judgment of C. P. Cumberland Co., Sept. T., 1914, No. 156, on verdict for plaintiff, in case of S. B. Leach v. Philadelphia, Harrisburg & Pittsburgh Railroad Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from award of viewers in condemnation proceedings. Before STAPLES, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,550 and judgment thereon. Defendant appealed.

*Errors assigned* were, among others, various rulings on evidence (2), (3), (23), (27) and (28) and instructions to the jury (8), (18) and (22).

*J. W. Wetzel,* for appellant

*E. M. Biddle, Jr.,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 30, 1917:

This is an appeal by the defendant from the same judgment which was before us for consideration in the case just preceding, upon the appeal of the plaintiff. In the present case, complaint is made of the action of the trial judge in permitting the plaintiff against objection to testify to the depreciation in the market value of his property, due not merely to the deprivation of the alley, but also to the cost of what was termed "rearranging the ground." The trial judge is further charged with error in refusing a motion to strike out the testimony of a witness who based his estimate of damages upon the value of other ground of plaintiff which the witness considered would have to be used to take the place of the alley which was appropriated, and upon the value of stone, underlying the surface, which he thought could not be quarried from the additional ground. This method of arriving at the depreciation of plaintiff's property caused by the taking of the alley, was clearly erroneous. Plaintiff had no right to make use of the alley for quarry purposes. Nor is it apparent how the fact that after the appropriation he was obliged to make use of his own ground in entering the quarry, should have caused the loss of any of the stone. The trial judge gave to the jury the correct measure of damages as being the difference in market value before and after the taking of the alley, but in ascertaining that difference he permitted elements to be considered which had no proper place there. All that plaintiff lost was the right of way in the alley which he had the right to use in common

with the rest of the public. The fact that he had been encroaching upon the alley, and making of it a convenience in his private business, gave him no right to reckon the loss of those personal conveniences as part of the damages to be recovered from the defendant company. We find in the testimony no basis for the frequent reference by the trial judge, and by counsel and witnesses, to what is termed the "new alley." There is no evidence that any new alley was constructed or was necessary for plaintiff's purposes. The old alley was not paved, fenced or graded. It was not separated from, or distinguishable from plaintiff's ground, and there was merely a dirt driveway along it, which plaintiff used. The same sort of a driveway over his adjoining land would apparently have answered all his needs. But the question for the jury was not the cost of a new alley to take the place of the old one; it was only as to how far the value of the property was affected by the loss of the right of way over the old alley. Counsel for appellant contends that the conduct of plaintiff in opening a stone quarry, and in erecting part of a building and placing coal bins upon the right of way, amounted to an abandonment of the alley as such. This was, however, a question for the jury. Encroachments upon a right of way by the owner of an easement do not necessarily amount to an abandonment of the easement.

Many of the specifications of error are defective, and are not in accordance with our rules. Without discussing them in detail, it is sufficient to say that we sustain the second, third, eighth, eighteenth, twenty-second, twenty-third, twenty-seventh, and twenty-eighth assignments of error and the judgment is reversed, with a **venire facias de novo.**