Schmidt v. Forster, Appellant.

546

Argued April 24, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Joseph Knox Stone,* and with him *Harold F. Reed* and *Ralph E. Smith,* for appellant, cited: Kister v. Reeser, 98 Pa. 1; Commonwealth v. Zimmerman, 56 Pa. Superior Ct. 311.

*Thomas C. Buchanan,* for appellee, cited: Meigs v. Lewis, 164 Pa. 597; Holmes v. Longwill, 89 Pa. Superior Ct. 1.

OPINION BY TREXLER, P. J., July 10, 1930:

This is a bill in equity brought to restrain interference to the right of the plaintiff in a private alley. The facts stated as briefly as possible are as follows: On July 15, 1901, Wesley E. Bonzo and wife conveyed to Kittie E. Schmidt a part of a larger tract of land in the Borough of Rochester, Beaver County, Pennsylvania, the lot conveyed being in part described as follows: "thence extending back along said lot 105 feet to a *private alley* of said Wesley E. Bonzo; thence along said alley 28.5 feet to an alley." After the description follows the recital and then the words, "It is agreed by the first party that the second party may have use of the private alley at the back of the lot for the purpose of ingress and egress to the above described premises."

On August 19, 1912, Wesley E. Bonzo and wife conveyed to Wilfred V. Burns another portion of said tract, two of the boundaries in the description being the private alley in question, and employing the following language: "Said grantee, his heirs and assigns, are also hereby conveyed and granted the right of way for the purpose of access to and egress from the premises hereby conveyed over that certain portion of the private alley shown on a certain plot of land of Wesley E. Bonzo and Kittie E. Schmidt, recorded concurrently with this deed."

The plan to which reference is made was duly acknowledged by Bonzo and Kittie E. Schmidt and her husband, was recorded and shows the alley in question marked "Private Alley," the plan being marked on its face. "A plot showing the location and line of land of Wesley E. Bonzo and Kittie E. Schmidt, in the Borough of Rochester, Beaver County, Pennsylvania."

On March 31, 1913, Kittie E. Schmidt and her husband, the grantee in the deed first above mentioned, conveyed the premises they had bought to Mary A. Zahn and on November 5, 1913, Mary A. Zahn conveyed the same premises to Anna M. Schmidt, the plaintiff.

April 20, 1915, Bonzo and wife conveyed two premises contiguous to the alley to Forster, bounding them by the private alley, specifically giving a right of egress and ingress on said alley and referring to the plan above mentioned.

June 9, 1928, Bonzo and wife conveyed to the fee of the alley to Forster, "being the land comprised in the private alley as shown on the plan of Wesley E. Bonzo and Kittie E. Schmidt as recorded in Plan Book Vol. 2, page 89. The purpose of this conveyance was "to vest in the said William L. Forster any and all interest of the parties of the first party, subject, however, to any easement or right of way that may be imposed thereon."

Kittie E. Schmidt, Mary A. Zahn and Anna M. Schmidt have had the use of the alley since March 31, 1913. On July 20, 1929, Forster erected an obstruction in the alley and this bill in equity followed. The court granted the injunction restraining further encroachment and requiring the removal of such as were already in place. From this action the present appeal is taken.

Plaintiff contends that the right of way across the private alley is an easement appurtenant to the land conveyed to Kittie E. Schmidt, and that she had the

right to pass the use of this alley to her assigns; that the use of the alley is appurtenant to the land and for the benefit of the subsequent owners of said premises, as well as the original grantee of the easement.

The defendant on the other hand, claims that the use granted to Kittie E. Schmidt to the private alley in question was only an easement in gross and purely personal, the words, heirs and assigns, not being employed and therefore she had no right in the alley which she could convey to any one and consequently the plaintiff had no right in it.

It would seem that in the deed from Bonzo to the Schmidts which contained the reference to the right of way in the alley, the easement was part of the thing granted. An easement may be created by words sounding in covenant and the word "agree" in a deed may have to be read as meaning "grant." Com. v. Zimmerman, 56 Pa. Superior Ct. 311, 318. Even if no words of inheritance were used in the immediate context, the next clause of the deed passed the premises with the ways, rights, privileges and hereditaments and appurtenances and the habendum following conveyed the land, hereditaments and appurtenants to the party, her heirs and assigns forever. In Hogan v. Barry, 10 N. E. Rep. 243, the Supreme Court of Massachusetts stated, "As we have determined that the right conveyed is an easement and part of the granting part of the deed, we are of the opinion that it like the rest of the description is controlled by the habendum and that the limitation there of a fee gave the plaintiff an easement in fee." The appellant, however, argues that Com. v. Zimmerman, supra, is an authority to the contrary. It was there held that to create an easement in fee, words of inheritance must be used. This may be conceded if the words creating the easement stand alone. We must, however, in the present case take the whole deed. Had there been no special clause referring to the alley, the right to use it would have

followed from the use of the word alley as a boundary. The description of a street or alley as a boundary in a conveyance, whether open or not, if it be on the ground of the grantor, is an implied covenant by the grantor that it shall be opened for the use of the grantee as a public way and is also a dedication of the street or alley. Holmes v. Longwill, 89 Pa. Superior Ct. 1; Ulrich v. Grimes, 94 Pa. Superior Ct. 313. This being so, the right to use the alley being established by the reference to it as a boundary and such right being appurtenant to the premises, the clause following in which reference to the alley is made, should be construed in harmony with it. Had the purpose been to make the easement one in gross, entirely personal, and not attached to the property, apt words such as "for life" or as in Witman v. Stickler, 299 Pa. 484, "during the life time of ......, but no longer," could have been employed.

Its designation as a *private alley* does not change the situation as to the abutting property holders deriving title from the holder of the fee of the alley, they have the right to its use, but its dedication to the public does not necessarily follow. Rhoads v. Walter, 61 Pa. Superior Ct. 43.

The position of the plaintiff is strengthened by the draft to which the parties to the original transaction recognized the alley: Leach v. Phila., Harrisburg & Pittsburgh R. R. Co., 258 Pa. 522. When the present owner took title that plan showing the alley as boundary was on record and showed the alley as existing. The conveyances to the other abutters designated the alley as a boundary. The alley has been continuously used since 1913 by the Schmidts and their successors in title. We repeat that in construing the deed in which the easement was created, we believe that taking the whole deed there was a grant of an easement appurtenant. If the matter is left in doubt and the deed is ambiguous, the easement is established by the sub-

sequent acts of the parties, showing a common user, and a recognition of the alley in the deeds and plan above referred to.

We all agree with the conclusion reached by the lower court that "the plaintiff as a successor in title of Kittie E. Schmidt has an easement in the private alley in question, and she has the right to use it throughout its entire width and the defendant has no right to obstruct or interfere with her in the free use of this private alley for access to her property."

The decree of the lower court is affirmed, the appellant to pay the costs.