364 A.2d 402

Margaret E. HASSLER

v.

Harold C. MUMMERT and Barbara A. Mummert, Appellants.

Superior Court of Pennsylvania.

Submitted March 8, 1976.

Decided Sept. 27, 1976.

Laurence T. Himes, Jr., Griest, Mangan & Himes, York, for appellant.

Donald L. Reihart, York, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge.

This is an appeal from an order of the Court of Common Pleas of York County, Civil Action-Equity Division. The Court *en banc* decreed (reversing the Chancellor) that plaintiff has a right to use a road passing through the land of defendants. Defendants have appealed.

In seeking to establish the right-of-way, plaintiff-appellee, Margaret V. Hassler, relies on a deed dated April 15, 1885 by which Henry Boyer conveyed a portion of his property in North Codorus Township to Peter Gerber. By a series of subsequent conveyances, title to this tract vested in Mrs. Hassler. Title to the portion retained by Boyer ultimately vested in Harold and Barbara Mummert, defendants-appellants.

The dispute before us is in the construction to be given the following clause in the deed:

"Subject Nevertheless the said Henry Boyer Reserves a Road through Said tract of land now conveyed to Said Peter Gerber by this Indenture to pass through at all Seasons of the year at or near where the old Road is now. And further the said Peter Gerber also Reserves a right to pass through the lands of Henry Boyer at all Season of the year at or near where the old Road now is."

The Mummerts contend, first, that the attempted easement to Peter Gerber fails because he owned nothing from which a right could be reserved. The court below properly rejected this argument.

■■ It is well established that a court of equity has jurisdiction to reform a deed on the ground of mutual mistake or unilateral mistake with the knowledge of the other party. It is necessary that the mistake as well as the actual intent of the parties be clearly shown. *Rusciolelli v. Smith,* 195 Pa.Super. 562, 171 A.2d 802 (1961).

[3, 4] The mistake here, of course, is the choice of the verb "reserve" to refer to the granting of the right to Peter Gerber. Gerber, as grantee, could not reserve a right in land he didn't own. The use of the word, read in context, raises an ambiguity, which must be resolved by examining the intention of the parties, with the grantee receiving the benefit of any doubt. *Merrill v. Manufacturers Light & Heat Co.,* 409 Pa. 68, 185 A.2d 573 (1962). The choice of identical terms to describe both easements indicates a purpose to establish identical and reciprocal rights. It is indisputable that Boyer wished to grant Gerber the right of way, and his mistaken use of the word "reserves" should not frustrate his intention.

Defendants contend further that even assuming the creation of a right, such right was personal to Gerber and expired upon his death. They point to the absence of words of inheritance from the quoted clause.

The court below found that the presence of words of inheritance in the clauses immediately preceding and following the easement clause indicated an intention to create an easement running with the land. The deed declares that the grant is "Together with all and singular the Buildings, improvements, ways . . . rights, liberties, privileges, hereditaments, and appurtenances," etc. The habendum clause follows:

"To have and to hold the said Messuage or tract of land as Before described, hereditaments and premises here-

by granted, or mentioned and intended so to be, with the appurtenances, unto the said party of the second part, his heirs and assigns to and for the only proper use and behoof of the said party of the second part his heirs and assigns, forever."

Then comes the easement clause. The next clause sets forth a warranty of title in favor of Gerber and "his heirs and assigns" and includes a reference to "all and singular the hereditaments and premises hereinabove described and granted or mentioned, and intended so to be."

The factors to be considered in determining whether an easement runs with the land are discussed at some length in *Lindenmuth v. Safe Harbor Water Power Corp.*, 309 Pa. 58, 163 A. 159 (1932), which includes an excerpt from Section 5, 9 Ruling Case Law 737–38:

"In determining whether a particular easement created by grant is or is not appurtenant to land, two matters must be considered—the nature of the right and the intention of the parties. In the first place, it is a rule that nothing can be appurtenant unless it agrees in nature and quality with the thing to which it is claimed to be appurtenant. . . . [T]he easement must bear some relation to the use of the dominant estate. A right not connected with the enjoyment or use of a parcel of land granted cannot be annexed as an incident to that land, so as to become appurtenant to it." [Footnotes omitted.]

A further reading of 9 Ruling Case Law 738 discloses the following:

"Some courts adhere to the strict rule that the conveyance alone must show that the parties intended the right to be made appurtenant to certain land therein mentioned; the question cannot be determined from matter aliunde; but the reasonable and prevailing rule is that an easement is appurtenant if so in fact, although not declared to be so in the deed, and that if the

intention is not sufficiently expressed this question may be determined by the relation of the easement to the so-called dominant estate, or the absence of it, and in the light of all the circumstances under which the grant was made." [Footnotes omitted.]

█ Pennsylvania follows the latter approach, the presence *vel non* of words of inheritance in the easement clause is not dispositive. Appellants cite *Commonwealth v. Zimmerman*, 56 Pa.Super. 311 (1914) as authority to the contrary. However, the decision in *Zimmerman* was based not only on a construction of the deed but on an examination of the nature of the right; the conclusion was inescapable that the easement in question—the privilege of fetching water from the spring of the grantor—was neither practically annexed to the land nor necessary to its enjoyment. 56 Pa.Super. at 316.

In *Schmidt v. Forster*, 99 Pa.Super. 545, 549 (1930) this court made clear that an easement clause not itself containing words of inheritance may nevertheless be construed as creating an appurtenant easement if its context includes such words which incorporate it by reference:

"Even if no words of inheritance were used in the immediate context, the next clause of the deed passed the premises with the ways, rights, privileges, and hereditaments and appurtenants to the party, her heirs and assigns forever . . . . [*Zimmerman*] held that to create an easement in fee, words of inheritance must be used. This may be conceded if the words creating the easement stand alone. We must, however, in the present case take the whole deed. Had there been no special clause referring to the alley, the right to use it would have followed from the use of the word alley as a boundary . . . . [T]he right to use the alley being established by the reference to it as a boundary and such right being appurtenant to the premises, the clause following in which reference to the alley is made,

should be construed in harmony with it. Had the purpose been to make the easement one in gross, entirely personal, and not attached to the property, apt words such as 'for life' or 'during the life time of . . .,' but no longer,' could have been employed.

"[W]e believe that in taking the whole deed there was a grant of an easement appurtenant."

■■ An application of the above reasoning to the instant case leads us to a similar conclusion. Although the road is not a boundary, it is clear that its use is related to the enjoyment of the land. It is the type of easement that by its very nature tends to be appurtenant, and the use of words of inheritance in the habendum and warranty clauses removes any doubt that it was intended to be so. The absence of such words from the easement clause indicates that the parties probably felt that the right-of-way was such as would naturally run with the land and that the words were therefore unnecessary. As Pennsylvania follows the nearly universal rule that an easement will never be presumed to be a mere personal right when it can fairly be construed to be appurtenant to some other estate, *Rusciolelli,* supra; *Lindenmuth,* supra, we experience no difficulty in sustaining the conclusion of the Court *en banc.*

Order affirmed.

JACOBS, J., concurs in the result.