## Holzheid v. Owens

*Robert E. Campbell,* for plaintiffs.
*John W. Phillips,* for defendants.

SPICER, *P.J.,* January 6, 1981—Plaintiffs have sought to enjoin defendants from interfering with an alleged right of way crossing defendants' lands. Defendants have moved for judgment on the pleadings.

Defendants' lands lie between that of plaintiffs and a public road. Plaintiffs have alleged they have a right to cross defendants' lands for purposes of access to the public road and that defendants are wrongfully interfering with this right.

Defendants contend that there is no such right. Neither of the deeds by which the parties acquired title mention a right of way. Although plaintiffs have alleged user for some forty years, they are not relying upon a right acquired by prescription. Instead, they rely upon a right of way acquired by either an express grant, by implication, or by necessity.

In support of all three theories, plaintiffs point to language in a 1931 deed appearing in defendants' chain of title. This deed contains the following wording:

"This is also to Certify that there is a certain Right of Way hereby reserved for the use of George

Harboldt to get to his wood lot and return. Said right of way being granted by the *Ahls* when they sold these lots."

Plaintiffs contend the wording shows either an express grant or the fact that the Ahls were grantors common to both plaintiffs and defendants.

Since the grantee in 1931 was not a predecessor in title to plaintiffs, defendants argue the deed cannot operate as an express grant. It would appear the issue is whether such wording can operate as an express grant in favor of a person who is not a party to the deed. In this case, that party was George Harboldt, who was plaintiffs' predecessor in title.

There are two views in this matter. The minority view appears to be that a right of way can be created by exception in favor of a stranger without regard to a prior right. The prevailing view seems to be that an exception or reservation in a deed can confer no right to a stranger without a preexisting right: 25 Am.Jur. 2d, Easements and Licenses §§22 and 23. The rule is that although an effective exception may be made in favor of a third person not a party to the deed, in recognition and confirmation of a right already existing in him, a reservation cannot create an estate or interest in a stranger to the deed but can only operate to the benefit of the grantee: 23 Am.Jur. 2d Deeds §279. However, under either view an exception can benefit a stranger to the deed if made in recognition and confirmation of a right already existing in the stranger. See, e.g., First National Bank of St. Johnsbury v. Laperle, 117 Vt. 144, 86 A. 2d 635, 30 A.L.R. 2d 958 (1952). The rule that an exception can only confirm a preexisting right is subject to some latitude because courts are not strict in interpreting language in a deed: 23 Am.Jur. 2d, Deeds §279. In determining whether

the language in the deed in defendants' chain of title amounts to an exception, we view the language with the purpose of ascertaining the intention of the parties: Hassler v. Mummert, 242 Pa. Superior Ct. 536, 364 A. 2d 402 (1976). Any benefit of doubt should be resolved in favor of the owners of the dominant estate: 1 Ladner, Conveyancing in Pennsylvania §11:02 (4th ed.).

It is true that the wording is somewhat ambiguous. However, it specifically refers to a preexisting right and under the rules of construction just explained amounts to an exception creating an express grant.

Defendants argue that even if the language can be construed as creating an express grant, it creates only an easement in gross that is personal to the grantee. This is because the words of the grant do not contain words of inheritance. The common law rule that words of inheritance are necessary has been abrogated in most states by statute: 23 Am.Jur. 2d, Deeds §272. In Pennsylvania the rule is that in determining whether an easement is appurtenant or in gross, two things must be considered: the nature of the right and the intention of the parties. The lack of words of inheritance is not dispositive of the case. The easement may still be determined to be appurtenant after a consideration of the relationship of the easement with the dominant estate in light of all circumstances in which the grant was made. It can also be determined by reference to other parts of a deed: Hassler, supra,

From other allegations in the complaint, it appears the only means of access to plaintiffs' land is by the right of way. Therefore, it would seem reasonable that the right would be appurtenant.

There is also a possibility that the easement in this case can be construed as an easement by impli-

cation. An easement is implied when, as stated in Ladner, supra:

"(1) there is a separation of the title to two or more parts of the real estate, (2) there is such an obvious and continued user before the separation as to show intent to make the apparent easement permanent, (3) the easement is reasonably necessary to the beneficial enjoyment of the dominant tenement, and . . . the servitude is continuous and self-acting." (Footnotes omitted.)

It is further possible that a right of way by necessity can be found. Such an easement arises when (1) there is a separation of the title to two or more parts of the real estate and (2) there is an actual necessity, one not merely of convenience, for access to a public road over the sold or retained land: Id.; Burns Manufacturing Co. v. Boehm, 467 Pa. 307, 356 A. 2d 763 (1976).

The wording in the 1931 deed, plaintiffs' exhibit C, indicates that both plaintiffs' and defendants' land were owned at one time by people named Ahl. The deed wording and the allegations in the complaint indicate the defendants had notice of the right of way. It has been used and is necessary for access to plaintiffs' tract.

Defendants finally argue that even if plaintiffs prove a right of way, its use must be limited to the removal of wood from their lot.

It is true that the use of an easement must be confined strictly to the purpose for which the easement was created: Dillon v. Klamut, _____ Pa. Superior Ct. _____, 420 A. 2d 462 (1980). However, there is nothing in the record to indicate that this easement was created solely for the purpose of getting wood. The rule places the restriction upon the purpose to be served and not upon the character of

the use: 1 Ladner, supra, §11:02(a). The purpose to be served is access to plaintiffs' lot. Therefore, whether interpreted as an expressly granted easement or one arising by implication or out of necessity, it would seem that the right of way would be available for any reasonable and lawful use by the dominant estate, taking into consideration its needs and the rights of the servient estate: Id. §11:02(e).

Accordingly, the motion for judgment on the pleadings will be denied.

### ORDER

And now, January 6, 1981, defendants' motion for judgment on the pleadings is denied.