456 A.2d 214

**Robert Daniel CROSS, Appellant,**

**v.**

**Nancy Harvey CROSS.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1982.

Filed Feb. 4, 1983.

Kenneth W. Kubrick, Pittsburgh, for appellant.

Robert C. Capristo, Pittsburgh, for appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

This is an appeal from the lower court's order requiring Robert Daniel Cross, appellant-husband, to pay appellee-wife the sum of $215.00 per month, an amount representing the difference between Husband's alimony *pendente lite* obligation to Wife ($275.00) and Wife's child support obligation to Husband ($60.00). For the reasons below, we affirm in part and reverse in part.

The parties hereto were married on September 7, 1969, and separated in February of 1981, when Mrs. Cross left the marital residence. The parties' two minor children remained with Mr. Cross, at the marital home where they continue to reside. A hearing was held on September 8, 1981, before a Hearing Officer, to determine the parties' alimony *pendente lite*, counsel fee and child support claims. The Hearing Officer recommended denials both of Husband's child support claim and Wife's alimony *pendente lite* claim but recommended that Husband pay preliminary counsel fees to Wife's attorney. Exceptions were timely filed by both parties and argued before the Honorable William L. Standish. Judge Standish subsequently entered an order requiring Husband to pay alimony *pendente lite* in the amount of $275.00 and Wife to pay child support in the amount of $60.00. He denied Wife's claim for preliminary counsel fees without prejudice. Husband then filed this direct appeal.

Husband first contends that the lower court erred for a variety of reasons in awarding alimony *pendente lite* to Wife. Our review of such an award is limited to determining whether or not the trial court has manifestly abused its discretion in awarding or denying alimony *pendente lite*. *Wechsler v. Wechsler*, 242 Pa.Super. 536, 363 A.2d 1307 (1976).

■ Husband contends the lower court erred because: (1) both parties are gainfully employed; (2) Husband presently has custody of the minor children; and (3) Husband's current obligations include payment of a joint mortgage and one child's orthodontist's bill. The fact that the Wife is employed must, of course, be considered by the lower court but certainly does not preclude an award of alimony *pendente lite*. *Kordich v. Kordich,* 192 Pa.Super. 33, 159 A.2d 274 (1960). The same is true of Husband's financial obligations, such as the mortgage and the orthodontist's bill. The record shows that the lower court did, indeed, consider all the relevant financial circumstances of both parties and, thus, we can find no abuse of discretion. The only relevance that Husband's having custody of the children has is in regard to Husband's expenses for the children. There is no evidence that the lower court disregarded or disbelieved any of these expenses. Under these circumstances, we cannot say that there was any abuse of discretion and, therefore, affirm the lower court's award of $275.00 per month alimony *pendente lite*.

■ Husband also argues that the lower court erred in assessing an amount for child support without considering the effect of the alimony *pendente lite* award on the parties' incomes.[1] We agree. It is well-settled that, in determining a parent's child support obligation, the court must consider the full nature and extent of the parties' property interests and financial resources, including, of course, income from whatever source. *Commonwealth ex rel. Hagerty v. Eyster,* 286 Pa.Super. 562, 429 A.2d 665 (1981). *See, also, Commonwealth ex rel. Mainzer v. Audi,* 266 Pa.Super. 122, 403 A.2d 124 (1979) (new spouse's contributions to family budget); *Commonwealth ex rel. Platt v. Platt,* 227 Pa.Super. 423, 323 A.2d 29 (1974) (child's earnings); *Commonwealth ex rel. Goichman v. Goichman,* 226 Pa.Super. 311, 316 A.2d 653 (1973) (income from funds held

---

**1.** The lower court stated, in its opinion, that the alimony *pendente lite* awarded to the Wife was not considered in determining her child support obligation.

in trust for children). We see no reason why the receipt of alimony *pendente lite* should be treated differently from any other financial resource. We will, therefore, remand this case to the lower court so it can consider all the financial resources, including the alimony *pendente lite* award. *Pawol v. Pawol*, 293 Pa.Super. 29, 437 A.2d 974 (1981).

The order of the lower court awarding appellee alimony *pendente lite* is affirmed; the order for child support is reversed and the case is remanded for reconsideration consistent with this opinion.

Jurisdiction is not retained.