554 A.2d 83

**Donna STEINMETZ**

v.

**William T. STEINMETZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 15, 1988.
Filed Feb. 8, 1989.

442

Allen H. Tollen, Media, for appellant.

Harry J. Bradley, Media, for appellee.

Before TAMILIA, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This appeal is from an order granting appellant's petition to modify child support. Appellant contends that the lower court erred in failing to adequately reduce his support payments by (1) not treating his alimony payments as an expense in calculating his income; (2) misapplying the guidelines under *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984); (3) finding his income to be significantly higher than it actually is; (4) not questioning appellee's excessive clothing expenses; and (5) not considering the fact that he has remarried and now has an additional child. For the reasons set forth below, we vacate and remand for proceedings consistent with this Opinion.

The parties were married in 1961 and divorced on May 3, 1982. Three children were born of the marriage: Kimberly, Matthew, and Cynthia. On September 25, 1980, pursuant to an agreement between the parties, a temporary support order was entered directing appellant to pay fifty dollars ($50.00) per week. Following a hearing before a Master on September 10, 1981, the Master recommended that the

amount of support be increased to sixty-five dollars ($65.00) weekly. Upon entry of the final divorce decree, the support order was amended and appellant's support obligation was reduced to sixty dollars ($60.00) per week.

Subsequently, appellant filed a petition to modify the support order based on a change in circumstances. In his petition, appellant alleged that he now had custody of one of the minor children and that appellee's income had increased substantially. A hearing on the petition was held before a Master and the Master recommended that the support order be reduced to twenty-five dollars ($25.00) per week. Appellee excepted to the Master's recommendation and requested a hearing before the Court of Common Pleas. Following a hearing de novo, the lower court held that under the guidelines set forth in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), appellant is responsible for sixty-eight percent (68%) of the support of the child residing with appellee and appellee is responsible for the remaining thirty-two percent (32%). Lower Court Opinion at 3. Accordingly, the court rejected the Master's recommendation, and instead reduced the support order for the minor child residing with appellee to forty-eight dollars ($48.00) per week. This appeal followed.

■ Appellant first contends that in calculating his support obligation under the guidelines set forth in *Melzer*, the lower court erred in failing to characterize his alimony payments as an expense to him and income to appellee. Appellant argues that the court erred in including in his net income monies earmarked to fulfill his alimony obligation. Appellant reasons that his alimony payments are not part of his cash flow available for child support, and thus, are properly excludable as a reasonable living expense. We agree with appellant that the alimony award is properly excludable as income.

■ Our scope of review in child support cases is narrow, and we are limited to determining whether a clear abuse of discretion, as shown by clear and convincing

evidence, has occurred. *See Fee v. Fee*, 344 Pa.Super. 276, 279, 496 A.2d 793, 794 (1985); *Commonwealth ex rel. Cochran v. Cochran*, 339 Pa.Super. 602, 607, 489 A.2d 804, 807 (1985); *Commonwealth ex rel. Stump v. Church*, 333 Pa.Super. 166, 168–69, 481 A.2d 1358, 1359 (1984). "An abuse of discretion is more than an error of judgment. It must be a misapplication of the law or an unreasonable exercise of judgment." *Marshall v. Ross*, 373 Pa.Super. 235, 238, 540 A.2d 954, 956 (1988). The general rule is that a child support order is not final and may be increased or decreased where the financial conditions of the parties change. *Commonwealth ex rel. Tokach v. Tokach*, 326 Pa.Super. 359, 362, 474 A.2d 41, 43 (1984). A support order must be fair, not confiscatory, and allow for the reasonable living expenses of the parent, consistent with the parents' and children's "station in life" and "customary standard of living". *Funk v. Funk*, 376 Pa.Super. 76, 80, 545 A.2d 326, 328 (1988) (citations omitted).

■ Under the guidelines enunciated by our Supreme Court in *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984),[1] a parent's support obligation is calculated by first, determining the reasonable needs of the children and then, determining the respective abilities of the parents to support their children. *Id.*, 505 Pa. at 463, 480 A.2d at 993; *DeWalt v. DeWalt*, 365 Pa.Super. 280, 284, 529 A.2d 508, 510 (1987). To determine the respective abilities of the parents to

---

**1.** Following the Pennsylvania Supreme Court's decision in *Melzer*, the Pennsylvania Legislature enacted into law child support guidelines paralleling those set forth in *Melzer*. The Support Guidelines statute reads as follows:

> The courts of common pleas shall develop guidelines for child and spousal support so that persons similarly situated shall be treated similarly. The guidelines shall be based upon the reasonable needs of the child or spouse seeking support and the ability of the obligor to provide support. In determining the reasonable needs of the child or spouse seeking and the ability of the obligor to provide support, the guidelines shall place primary emphasis on the net income and earning capacities of the parties, with allowable deviations for unusual needs, extraordinary expenses and other factors, such as the parties' assets, as warrant special attention.

23 Pa.C.S.A. § 4322, 1985, Oct. 30, P.L. 264, No. 66, § 1, effective in 90 days.

support their children, the court must make an allowance for the reasonable living expenses of each parent and then calculate each parent's net income or earning capacity, if that figure differs from the actual income. Additionally, the court must look beyond the actual earnings of the parents and consider the full value and extent of the parties' financial resources and ability to pay support. *Butler v. Butler*, 339 Pa.Super. 312, 316, 488 A.2d 1141, 1142–43 (1985). *See Marshall v. Ross*, 373 Pa.Super. 235, 238, 540 A.2d 954, 956 (1988).

In *Cross v. Cross*, 310 Pa.Super. 124, 456 A.2d 214 (1983), this Court held that in assessing the full measure of a parent's financial resources, a court must evaluate, *inter alia*, a parent's earning capacity, property interests, *alimony pendente lite*, and investments. *Id.*, 310 Pa.Superior Ct. at 128, 456 A.2d at 216 (emphasis added). Importantly, the court must consider each parent's "actual and potential cash flow from his [or her] property interests, financial resources, stock holdings and other investments" before determining the child support obligation. *Ryan v. DeLong*, 371 Pa.Super. 248, 250, 538 A.2d 1, 2 (1987).

After ascertaining the children's needs and the parents' available income, the court determines each parent's respective support obligation. *Melzer v. Witsberger*, 505 Pa. at 468, 480 A.2d at 998. Notably, although this analysis is accomplished according to the directives of the *Melzer* formula, the trial court is permitted "to adjust the resulting support obligation if deviation from the formula is warranted under the particular circumstances." *Lampa v. Lampa*, 371 Pa.Super. 1, 7, 537 A.2d 350, 353 (1988) (citing *DeWalt v. DeWalt*, 365 Pa.Super. at 285, 529 A.2d at 508 (1988)).

In this case, in computing the parties' respective support obligations under the *Melzer* formula, the court below held that alimony was not deductible and thus, included the monies earmarked for the alimony award as part of appellant's net income. *See* Lower Court Opinion at 2–3. The court, however, excluded the alimony award in calculating appellee's net income. *See id.* The court reasoned that to

include the alimony payments in appellee's net income would defeat the purpose for which it was intended: to cover the transitional expenses of divorce and entry into fulltime employment. *See id.* at 4. We find this to be an abuse of discretion.

In order to calculate the support obligation of each parent, a court is bound not only to apply the *Melzer* analysis but also to consider the financial needs of the parties. *See Ryan v. DeLong,* 371 Pa.Super. at 250–54, 538 A.2d at 2–3. A parent's ability to support his or her child is not based solely on the amount of income received by the parent. *See Butler v. Butler,* 339 Pa.Super. at 316, 488 A.2d at 1143. The court must look beyond the actual earnings of the parents and make allowances for the reasonable living expenses of each parent. *See id.* Thus, if the court applied the *Melzer* formula without first deducting each parent's living costs and other reasonable expenses, the application of the guidelines would result in a fictional financial picture: One not truly representative of the parent's ability to support the children. Such an approach would be inconsistent with the principles underlying *Melzer* and *DeLong.*

Although appellant neither cites nor has our research revealed a reported case which addresses whether a court should consider alimony an excludable expense from a parent's net income under the *Melzer* computation, this Court's prior rulings concerning the effect of alimony pendente lite upon a parent's net income are instructive. We have held that a trial court must consider and evaluate the effect of alimony pendente lite on the incomes of the parents before determining child support obligations. *See Cross v. Cross,* 310 Pa.Super. at 127–28, 456 A.2d at 216. Alimony and alimony pendente lite serve the same interest: offsetting the unjust effects of the dissolution of marriage upon a dependent spouse. *McNulty v. McNulty,* 347 Pa.Super. 363, 370, 500 A.2d 876, 879 (1985). Although alimony and alimony pendente lite both provide for enforcement of a duty of support arising at common law as an incident of

marriage, their immediate functions differ. *Id.*, 347 Pa.Superior Ct. at 370–71, 500 A.2d at 879. Alimony pendente lite is awarded for the purpose of enabling the dependent spouse to maintain or defend the divorce litigation. *Keller v. Keller*, 275 Pa.Super. 573, 586–87, 419 A.2d 49, 56 (1980). Alimony, however, is awarded to ensure that the reasonable needs of the dependent spouse are met. *McNulty v. McNulty*, 347 Pa.Super. at 371, 500 A.2d at 880. Additionally, alimony continues after divorce, whereas alimony pendente lite continues only during the pendency of the divorce proceeding. *Id. See* 23 Pa. C.S.A. §§ 501–502. Although alimony and alimony pendente lite are distinguishable, the reasoning behind the necessity for considering their effect on the available portion of a spouse's income for computation of child support is the same. Thus, it logically follows that in determining a spouse's net income under the *Melzer* guidelines, the court must take into consideration that the monies designated to be part of the alimony award are unavailable for the purpose of child support.

Moreover, we note that it does not automatically follow that such payments should be included in the dependent spouse's income. If the payments were included in the dependent parent's net income, it would distort the financial picture of the dependent parent's ability to provide support for his or her child. *See Butler v. Butler*, 339 Pa.Super. at 316, 488 A.2d at 1141. Because alimony is specifically designated to assist the dependent spouse in overcoming the economic effects of the dissolution of the marriage and not for the support of the children, the inclusion of the alimony award would create the appearance of an inflated income from which the child support obligation would be drawn and would undermine the purpose for which alimony is awarded. *See McNulty v. McNulty*, 347 Pa.Super. at 371, 500 A.2d at 879. Furthermore, because there is a definitive portion of the supporting spouse's income that is earmarked by law to be given to the dependent spouse for his or her care, it is equally unjust to include the alimony award in the supporting parent's income. The inclusion of the alimony award in the computation of the supporting

parent's net income would not realistically reflect that parent's economic status and would be confiscatory. *See Funk v. Funk*, 376 Pa.Super. at 80, 545 A.2d at 328. Thus we conclude that for purposes of determining child support under the *Melzer* formula, alimony should be excluded from the funds available for calculating child support.

Finally, we find further support for our holding in Pa.R. Civ.P. 1910.26. Rule 1910.26 provides a sample Income and Expense Statement Form, which should be substantially followed in all child support cases. *See id.* at (c); *Shutter v. Reilly*, 372 Pa.Super. 251, 255, 539 A.2d 424, 429 n. 1 (1988). The form includes space for detailing a parent's expenses and it specifically identifies alimony as a designated expense the court may consider when computing a parent's support obligations. *See* Pa.R.Civ.P. 1910.26(c). The designation of alimony as an expense on the sample Income and Expense Statement is a further indication that the court must consider that the portion of the supporting spouse's income destined to fulfill his or her alimony obligation is not available to be allocated for child support.

In light of the foregoing, we conclude that including the alimony award as part of the supporting spouse's net income while excluding the alimony from the dependent spouse's income is inconsistent with the principles underlying *Melzer* and *DeLong.* Under the lower court's analysis, appellant's net income reflected income available from every financial source, without regard to whether it represented his actual cash flow, whereas appellee's net income was selectively limited only to reflect her actual earnings minus her reasonable living expenses. Thus, for the purpose of determining child support under the *Melzer* analysis, alimony should be considered to the extent that is excludable for calculating each parent's available financial resources and not includable in the net income calculations for either parent. Because orders of child support and alimony must be considered in conjunction with each other as they relate to the obligor's duty to pay, the court below abused its discretion in computing appellant's net income by including

his alimony obligation as part of his available finances under the *Melzer* formula. *See Cross v. Cross*, 310 Pa.Super. at 127–28, 456 A.2d at 216. We, therefore, remand this case for reconsideration of the parties' respective support obligations in accordance with the principles outlined in this Opinion. *See id.*

Appellant next contends that in determining his child support obligation, the court misapplied *Melzer* because it failed to consider the expenses he incurs for the support of the parties' minor child, who currently resides with him. Specifically, appellant argues that the court erred in excluding the parties' other child when it computed the respective support obligations under the *Melzer* guidelines. In her brief, appellee counters appellant's argument by stating that appellant's custody of the parties' other minor child is not relative ᵗto the *Melzer* guidelines. We agree with appellant's contention.

It is well-settled that in child support proceedings, the extent to which a parent's other children, either from the previous marriage or a new marriage, affect the amount of financial resources available for child support is a relevant factor and must be taken into consideration by the court. *Marshall v. Ross*, 373 Pa.Super. at 238–41, 540 A.2d at 956–57. If a parent has custody of at least one child and provides support for his or her other non-resident children, it is an abuse of discretion for the court not to consider the expenses incurred by the supporting parent when computing his or her child support obligation. *Id.*, 373 Pa.Superior Ct. at 240, 540 A.2d at 957.

Here, it is undisputed that one minor child resides with appellant and the other child resides with appellee. The court's determination of child support, however, only provided for the allocation of support for the child residing with appellee. Consequently, appellant's child support payments were calculated to determine the support of one child, but the economic reality is that he is responsible for sixty-eight percent (68%) of the support for the child residing with appellee and one-hundred per cent (100%) of the

support for the child residing with him. In applying the *Melzer* formula, the court determined support payments for the child residing with appellee on the basis of appellant's net income without considering the expenses incurred by appellant for raising the child in his custody. Furthermore, the court below did not allocate a portion of appellee's income to contribute to the support of her non-custodial child.

By failing to include both children in the computation for support under *Melzer*, the court unevenly distributed the financial resources available to support the children. Thus, the procedure utilized by the court apportioned a greater amount of each parent's income to the child residing with appellee than would be available to the child in living with appellant. Under these circumstances, because the support of the child residing with appellant must be borne entirely by him, this procedure worked an injustice on both the child and appellant. In light of our scope our review, it is clear that the court abused its discretion in not taking into consideration appellant's expenses for the child residing with him. *See Marshall v. Ross*, 373 Pa.Super. at 238–41, 540 A.2d at 956–57. Accordingly, we remand for computation of the parties' child support obligations for both minor children under the *Melzer* formula. *See id.*

Appellant next contends that the court incorrectly found his income to be significantly higher than it actually is. Appellant alleges that the court's finding that he earns $2,643.98 per month is unsupported by the record.

As stated above, our scope of review in child support cases is restricted to determining if the court below has abused its discretion. Here, our review of the transcript indicates that the court's finding that appellant earns approximately $31,000.00 annually is based on the records of the Delaware County Domestic Relations Office and paystubs supplied by appellant's employer. *See* N.T. March 3, 1988 at 15–16, 17, 18, 19. Although appellant claims to earn less than the amount determined by the court, he concedes in his brief that the wage statement supplied by his employ-

er shows his weekly gross pay to be $804.78, which computes to a yearly gross income of approximately $41,000.00. *See* Brief for Appellant at 11. The difference between the court's computation of appellant's net income and his own appears to be the result of appellant's allowing for the deduction of certain expenses, namely the deduction of alimony from appellant's gross income. Thus, this issue is virtually indistinguishable from appellant's first claim. Because we have already determined that the court should have deducted the alimony payments from appellant's net income, we need not examine this claim any further. Accordingly, we remand for the court to specify on the record its findings as to the parties' gross incomes, allotted expenses, and net incomes under the *Melzer* analysis.

■■■ Appellant also contends that the court did not consider his former wife's excessive clothing expenses in determining the parties' respective child support obligations. We disagree.

Here, the record reveals that the court specifically inquired into appellee's expenses designated as clothing costs. *See* N.T. March 3, 1988 at 28. Appellee responded that the costs reflected her charges on a major credit card and that her purchases were not limited to clothing items, but also included household purchases for the benefit of her and the child in her custody. *See id.* at 28, 29. Additionally, appellee explained that she had reason to use the credit card as a source for borrowing money to cover her expenses while awaiting the resolution of the equitable distribution settlement. *See id.* at 29–30. Accordingly, because the court did consider the expenses claimed by appellee, we cannot conclude that the court committed an abuse of discretion. *See Marshall v. Ross*, 373 Pa.Super. at 238–41, 540 A.2d at 956–57.

■■■ Lastly, appellant contends that the court did not take into consideration that he has remarried and has a child by his second marriage. As we stated above, the extent to which a parent's other children, either from the previous marriage or a new marriage, affect the amount of

financial resources available for child support is a relevant factor and must be considered by the court in its determination of child support obligations. *Marshall v. Ross,* 373 Pa.Super. at 238–41, 540 A.2d at 956–57. Failure of the court to take into consideration the support necessary to provide for a parent's other children constitutes an abuse of discretion. *Id.,* 373 Pa.Superior Ct. at 240, 540 A.2d at 957.

Here, our review of the record reveals that the court, although cognizant of appellant's responsibility for his child from his current marriage, did not take into consideration the finances necessary to support that child when applying the *Melzer* guidelines. See N.T. March 3, 1988 at 27–28. Because it is an abuse of discretion for the court not to consider a parent's other children when determining support obligations for children of the previous marriage, we find it necessary to remand this case for reconsideration of appellant's support obligation in light of his responsibility for the child from his current marriage. *See Marshall v. Ross,* 373 Pa.Super. at 240, 540 A.2d 957.

Accordingly, based on the foregoing, we vacate the order of the court below and remand for a re-determination of the parties' respective support obligations consistent with this opinion.

Order vacated. Case remanded. Jurisdiction is relinquished.