Rockingham,
No. 4521.

MADELINE W. ATHORNE

*v.*

GEORGE O. ATHORNE AND CHARLES W. KINGHORN,
*Ex'r and Tr'ee u/w Grace L. Flint.*

Argued November 7, 1956.

Decided January 31, 1957.

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Burt R. Cooper* and *Mr. Brant* orally), for the plaintiff.

*Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the defendant George O. Athorne, specially.

*Thomas H. Simes* and *Upton, Sanders & Upton* (*Mr. Richard F. Upton* orally), for the defendant Charles W. Kinghorn, specially.

KENISON, C. J. We agree with the plaintiff's contention that the residuary clause (clause 8), standing by itself, gave the trustee no discretion in the payment of the "annual net income" to the defendant Athorne. The trustee's "absolute discretion" under this clause is confined and restricted to the payment of a part or the whole of the principal if he "shall from time to time see fit." The concluding paragraph, clause 9, provides in effect that every bequest and trust "and the income thereof shall be held and paid" by the trustee at his "absolute discretion" free from the claims of creditors and further contains a restraint on voluntary alienation by the beneficiaries.

The meaning of the will is to be determined from the whole instrument and not from an isolated phrase or clause in it. *Grant v. Nelson*, 100 N. H. 220, 221. "Arbitrary canons of construction give way to a single broad rule of construction that always favors rather than opposes the testamentary disposition and, whenever consistent with the terms of the will as a whole, adopts that construction that gives the maximum validity to the testamentary disposition." *In re Lathrop Estate*, 100 N. H. 393, 395. See also, V American Law of Property, s. 21.3c.

The argument is advanced that the sweeping language of clause 9 if enforced literally would subject the payment of specific pecuniary bequests to the discretion of the trustee and such a construction is not a rational one. These bequests appear in clauses one to seven of the will. The first four clauses bequeath $100 to each of four cousins, the fifth is a bequest of $5,000, the

sixth a bequest of $2,500 and the seventh a bequest of $10,000 to the plaintiff. Although the validity of these bequests is not in issue in this proceeding, the interpretation of clause 9 is affected by their inclusion in it. We confine our decision to the nature of the residuary trust as determined from an examination of the will as a whole.

Contrary to the Restatement, Trusts, s. 152(2), a true spend-thrift trust has been considered invalid in this state since 1935. *Brahmey* v. *Rollins*, 87 N. H. 290. Although this is a minority view, it was adopted after full consideration in a careful opinion and continues to be settled law in this jurisdiction. *Cadbury* v. *Parrish*, 89 N. H. 464, 469. "The true spendthrift trust is not recognized in New Hampshire. 50 Harv. L. Rev. 60, 90. A provision in a trust instrument against the attachment of income by creditors of the beneficiary is invalid, where the trustee has no discretion but is under an absolute duty to pay the beneficiary." N. H. Anno. Restatement, Trusts, s. 152(2). Consequently in those cases where the trustee is unconditionally directed to pay the income of the estate to the beneficiary and has no discretionary power, a creditor may seize it. *Watson* v. *Kennard*, 77 N. H. 23. The specific intent clearly manifested in clause 8 that the payment of income shall not be subject to the trustee's discretion is not overcome by the blanket generalized provisions in clause 9. Consequently the annual net income is subject to the order of the Court under equitable or legal process.

Clause 8 of the will also clearly indicates that the payment of principal lies in the absolute discretion of the trustee. While *Brahmey* v. *Rollins, supra,* 299, condemned the true spendthrift trust, it recognized that cases of "discretionary trusts and of trusts for support stand on a different principle." Discretionary trusts and trusts for support have been sustained against the attack of creditors and are valid in this jurisdiction. *Duncan* v. *Elkins,* 94 N. H. 13; *Epstein* v. *Corning,* 91 N. H. 474. The only cases where a creditor could compel the trustee of a discretionary trust to pay over a part of the income were those involving a wife or child who was in need of support. *Gardner* v. *O'Loughlin,* 76 N. H. 481; *Fowler* v. *Hancock,* 89 N. H. 301. This result was reached as a matter of construction of the trust instrument on the theory that the needs of a married man also included "the needs of his family." *Eaton* v. *Eaton,* 81 N. H. 275, 276. The wife is entitled to support until the date of the divorce but not thereafter since she is no

longer considered a member of the "family." *Eaton* v. *Eaton*, 82 N. H. 216, 217. In this latter case it was said of the discretionary trust for the benefit of the husband: "his creditors cannot reach it, and the plaintiff wife's award of alimony stands no better than any other judgment debt in an effort to have it paid from the fund." See also, *Burrage* v. *Bucknam*, 301 Mass. 235; *Bucknam* v. *Bucknam*, 294 Mass. 214. Under the foregoing decisions of this state a valid discretionary trust as to principal was established under the will the beneficiary's interest in which cannot be reached directly by the plaintiff to satisfy any decree of alimony that she may in the future obtain.

We recognize that there may be a sound public policy in favor of subjecting such trusts to claims of alimony. Restatement, Trusts, *s.* 157(a). However the rules in the *Eaton* cases, *supra*, have come to be relied on by testators and lawyers alike. It is at least debatable whether we should overrule them in a case like the present where the will was drawn with the evident purpose of avoiding the spendthrift trust condemned in *Brahmey* v. *Rollins*, 87 N. H. 290. The present will was executed two years after the *Brahmey* case and the codicil was executed in 1947 after all of the decisional law summarized in the previous paragraph had clearly sustained discretionary trusts and trusts for support. "Since the question is purely one of policy its solution is more appropriately a function of the Legislature than of the courts. It is obvious that there are competing factors. There are situations in which spendthrift trusts admittedly serve a useful function . . . Special classes of creditors should also be expressly allowed to reach at least part of the income exempt from the claims of ordinary creditors." Griswold, Spendthrift Trusts (2nd *ed.*) *s.* 556.

The only legislative action relating to spendthrift trusts since 1935 occurred in 1941 when the Legislature adopted the Commissioners' Report in excluding spendthrift trusts from the limitation on a creditor's bill to reach trust funds. Commissioners' Report (January 1941) *c.* 361, *s.* 8, *p.* 914. R. L., *c.* 371, *s.* 9. This was accomplished by inserting the phrase "except in case of spendthrift trusts" after the words "trust funds" in R. L., *c.* 371, *s.* 9. The law as thus amended has remained unchanged since 1941. RSA 498:9. This had the effect of changing the procedural ruling in *Brahmey* v. *Rollins*, 87 N. H. 290, 302, that although a true spendthrift trust could be reached by trustee process it could not be reached by a creditor's bill. Consequently since 1941 a spendthrift

trust may be reached by a creditor's bill in equity as well as by trustee process in law. This legislative change was limited to the true spendthrift trust (Restatement, Trusts, s. 152, *comment* b) and did not affect discretionary trusts and trusts for support. *Duncan* v. *Elkins*, 94 N. H. 13, 17. The procedural ruling in *Brahmey, supra*, 302, that a creditor could attach a spendthrift trust at law but could not reach it in equity has been characterized as a "curious consequence." Griswold, Spendthrift Trusts (2nd *ed.*) s. 202, *p.* 230. This 1941 change remedied this procedural distinction between law and equity but did not in any way limit the immunity of discretionary trusts and trusts for support from the claims of creditors.

While the plaintiff cannot reach the principal of the discretionary trust directly and the trustee cannot be compelled by court order to exercise his discretion for her benefit (*Hanford* v. *Clancy*, 87 N. H. 458; *Woodward* v. *Jolbert*, 94 N. H. 324) that does not preclude the Trial Court from taking it into account in fixing alimony. If the allegations of the plaintiff's motion can be sustained, she makes out a case for division of property on account of money loaned her former husband during their marriage as well as for alimony for which a sense of justice calls out loudly. *Guggenheimer* v. *Guggenheimer*, 99 N. H. 399, 402. "May a court properly in fixing the amount of alimony to be awarded to his wife take into consideration the fact that he is entitled to income which cannot be reached directly?" II Scott, Trusts, (2nd *ed.* 1956) *s.* 157.1, *p.* 1114. If justice requires an affirmative answer to this question the Superior Court may consider the exempt resources of the husband in determining the amount of alimony that he should pay. *Heuchan* v. *Heuchan*, 38 Wash. (2d) 207; *Commonwealth* v. *Berfield*, 160 Pa. Super. 438. There are many cases where a pension, bonus, compensation or other exempt fund has been taken into consideration by a court in determining the amount of alimony that should be paid or in determining a proper division of the property of the spouses in a divorce proceeding. *Tully* v. *Tully*, 159 Mass. 91; *Bailey* v. *Bailey*, 76 Vt. 264; anno. 22 A. L. R. (2d) 1421. *Cf. Wissner* v. *Wissner*, 338 U. S. 655. While this relief as to principal may be indirect and unsecured it is the most that the present law of the state allows. VI American Law of Property, *s.* 26.130. The Court cannot exercise the husband's power of appointment by will, nor can it order him to make a will in which the plaintiff is named as beneficiary. *Fiske* v. *Warner*, 99 N. H.

236; Restatement, Property, s. 331(1). In determining the question of alimony and the division of property, the Court may take into consideration the former husband's full interest under the will.

At the time the original divorce decree was granted the defendant Athorne was served with process within the state and was represented by counsel. At the time the present motion was filed he was a nonresident and was served with process without the state. It is argued that under these conditions the court lacks jurisdiction in the present proceeding. While there is authority for that view (83 A. L. R. 1248; 28 A. L. R. (2d) 1378), that is not the rule in this state. *Vezina* v. *Vezina*, 95 N. H. 297, 298. See *Veino* v. *Veino*, 96 N. H. 439; *Mauzy* v. *Mauzy*, 97 N. H. 514. The defendant Kinghorn was served with process within this state where the trust was established and he is subject to the jurisdiction of the court. The motion of the defendant Athorne to dismiss this proceeding was properly denied; the defendant Kinghorn's motion to dismiss the trustee process and the temporary injunction should likewise be denied and the order is

*Remanded.*

All concurred.