Dorothy Utley vs. Francis E. Utley.

Suffolk.    January 28, 1969. — March 10, 1969.

Present: Wilkins, C.J., Spalding, Cutter, Spiegel, & Reardon, JJ.

*Retirement.    Attachment.    Husband and Wife,* Husband's duty to support.

By reason of the provision of G. L. c. 32, § 19, that the right of a member
    of a retirement system to a "retirement allowance . . . [and] such
    . . . retirement allowance itself . . . shall not be attached or
    taken upon execution or other process," a retirement allowance held
    by a city retirement board to which a former city employee was
    entitled under § 7 could not be reached by a special precept of attach-
    ment issued upon petition of the employee's wife to secure payment of
    arrears due to her from him under a Probate Court decree in a separate
    support proceeding.

Motion filed in the Probate Court for the county of
Suffolk on November 28, 1967, in a separate support pro-
ceeding.

The motion was heard by *Wilson,* J.

The case was submitted on briefs.

*James F. McLaughlin & Michael J. Grealy* for the peti-
tioner.

*A. Van C. Lanckton* for the respondent.

*Herbert P. Gleason,* Corporation Counsel, *& William H.
Kerr* for the Boston Retirement Board.

Spalding, J.    The question for decision is the correct-
ness of an order of the Probate Court allowing the re-
spondent's motion to discharge precepts of attachment
which had been previously issued by the court.

The allowance of the motion arose in these circumstances.
The petitioner is the wife of the respondent.   On Novem-
ber 21, 1960, on the wife's petition, a decree was entered
in the Probate Court that she was living apart from her
husband for justifiable cause.   Custody of six minor chil-
dren was awarded to the wife, and the husband was ordered
to pay $45 weekly for the support of the wife and minor

children.[1]  There have never been any modifications of this support order.  The husband, an employee of the city of Boston, retired as of March 31, 1962.  Upon retirement he became entitled to an accidental disability retirement allowance pursuant to the provisions of G. L. c. 32, § 7.  This allowance amounted to $348.53 monthly.  Successive special precepts of attachment were issued on petitions of the wife to reach the retirement allowances held by the Boston Retirement Board.  "On August 24, 1967, after notice to the . . . [husband], and it appearing that some $14,900 was in arrears, and that pension funds of the . . . [husband] in the sum of $4088.76 were held by the City of Boston, execution for said amount . . . was issued."  Subsequently the husband made a motion to have the special precepts discharged, and the motion was allowed.  The foregoing facts were found by the judge in his report of material facts which, together with the pleadings, are all that are before us.  From the order allowing the motion the wife appealed.

There was no error.

Section 19 of G. L. c. 32 provides in part that "the rights of a member [of a retirement system established by §§ 1–28 of c. 32] to an annuity, pension or retirement allowance, such annuity, pension or retirement allowance itself, and all his rights in the funds of any [such] system . . . shall be exempt from taxation . . . and from the operation of any law relating to bankruptcy or insolvency *and shall not be attached or taken upon execution or other process*" (emphasis supplied).  Since the husband's disability retirement allowance was granted to him under § 7 of c. 32 it was clothed with the protection afforded in the italicized words of § 19.  These words are unambiguous and comprehensive.  There can be no doubt that the attempt by his wife to reach his retirement allowance by means of a special precept was an "attachment" within the purview of § 19, and was not permissible.

---

[1] As of January 3, 1968, when the judge made his report of material facts, only one child (born December 13, 1947), was still a minor.

The wife earnestly argues that the immunity from attachment granted by § 19 was designed to protect the allowance from the claims of third parties, such as creditors, trustees in bankruptcy and the like. It was, she urges, not intended to shield the husband in matters relating to his duty to support his wife and children. In support of this contention she cites *French* v. *McAnarney*, 290 Mass. 544, 546, where it was said that the marriage relationship is not merely a contract between the parties, and when it comes into existence "certain rights and duties necessarily incident to that relation spring into being. One of these duties is the obligation imposed by law upon the husband to support his wife." [1] This argument is appealing, but it is one that should be addressed to the Legislature rather than to the courts. To sustain the wife's contention we would have to write an exception into § 19. This we may not do.

*Order affirmed.*

---

[1] In that case it was held that the antenuptial agreement in which the wife relinquished rights to support was unenforceable as contrary to public policy.

