Argued July 21, affirmed August 26, 1971

GEROLD, *Appellant, v.* GEROLD, *Respondent.*

488 P2d 294

*John Toran, Jr.,* Portland, argued the cause and filed the brief for appellant.

*George C. Reinmiller,* Portland, argued the cause for respondent. With him on the brief were Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

The parties were divorced in July 1970. The decree included a support order and attorney fees in

favor of defendant wife. In October the court, pursuant to motion and affidavit, issued an order to show cause for contempt in the wilful violation thereof.

After a hearing the court, on the basis of the evidence presented, found plaintiff in contempt for failure to comply with the order and sentenced him to 15 days in jail. He appeals.

The evidence showed plaintiff to be the recipient of a 100 percent World War II disability pension of $450 a month, resulting from having been a prisoner. The evidence showed that he had invested from the proceeds of his pension upwards of $2,500 in real estate. Following the divorce he divested himself of his interest in that property by giving it to a son without consideration.

He also expended $2,700 in the acquisition of tropical fish, stated by him to be strictly for purposes of "therapy." However, he sold substantial quantities of the fish and reinvested all the proceeds therein. He denied, however, that he derived any income therefrom.

Concerning his failure to comply with the decree, he stated:

> "Judge, my income is based on a disability from an army prison camp; and since I don't feel that the Government pays that income to any person other than me—I am the one with the disability—I am the one with the injury and I am the one with his life spoiled; and I feel that if my wife had been there with me in the prison camp, then I could reconcile having to give her some support. * * *"

He conceded that he had paid nothing. The court found that this failure was wilful.

Plaintiff contends that since all his income comes from a veteran's pension and all of his assets have

been acquired from this source, he is exempt from compliance with the court's order for support and payment of attorney fees under Veterans' Benefits, 38 USCA § 3101 (Supp 84, 85, 1971).

In 54 ALR2d 1422, 1437, it is stated:

"With very few exceptions the cases hold that payments arising from service in the Armed Forces, or property acquired with such payments, though exempt as to the claims of ordinary creditors, are not exempt from a claim for alimony, support, or maintenance, or from distribution in a divorce action."

No Oregon case deciding the above question has been called to our attention, but we believe the foregoing rule is supported by reason, for the purpose of the federal exemption statute is to serve as a shield for the veteran and his dependents, not to serve as a sword to be used by the veteran against his dependents.

In *Shelley v. Shelley and U. S. Nat. Bank,* 223 Or 328, 354 P2d 282 (1960), the Supreme Court adopted this philosophy to enable dependents to reach the proceeds of a spendthrift trust. In *Calvin v. Calvin,* 6 Or App 572, 487 P2d 1164, 489 P2d 403 (1971), this court discussed at length a similar question and held that payments made pursuant to the Oregon Workmen's Compensation Act were not under ORS 656.234 exempt from garnishment for child support and alimony.

The order is affirmed.