[No. 1282-2.    Division Two.    June 17, 1975.]

SAMANTHA BORONAT, *Appellant,* v. FRANK E. BORONAT, *Defendant,* THE STATE OF WASHINGTON, *Respondent.*

*Argal D. Oberquell* and *Oberquell & Ahlf,* for appellant.

*Slade Gorton, Attorney General,* and *Wayne L. Williams, Assistant,* for respondent.

ARMSTRONG, C.J.—Samantha Boronat appeals from the quashing of her writ of garnishment served upon the Washington State Employees Retirement System. By the garnishment she sought to recover a judgment for alimony, child support, property settlement and attorney's fees from her ex-husband's contributions to the retirement fund. The first impression issue presented is whether she was barred from recovering this judgment from his contributions to the retirement fund by virtue of RCW 41.40.380, which exempts benefits and rights granted in chapter 40 from legal process. We hold that the absolute bar created by the section applies to alimony, child support, property settlement and associated attorney's fees, and therefore affirm.

Upon the parties' divorce on June 26, 1973, Frank Boronat was awarded as his separate property, the community interest in the Washington State Employees Retirement Fund, approximately $4,119. Mrs. Boronat was awarded a total of $3,050 in alimony, accrued child support, attorney's fees and property settlement and $100 per month child support, none of which has been paid. On August 15, 1973, Mr. Boronat terminated his employment with the State of Washington and apparently requested withdrawal of his contributions to the retirement fund and accrued interest. On August 29, 1973, Mrs. Boronat filed and served a writ of garnishment on the Washington State Employees Retirement System, seeking to recover from these contributions the amount owed her. The trial court quashed the writ,

ruling that RCW 41.40.380 protected Mr. Boronat's contributions to the fund from garnishment, even for collection of alimony and support.

The statute under consideration, RCW 41.40.380, provides in relevant part:

The right of a person to a pension, an annuity, or retirement allowance, any optional benefit, any other right accrued or accruing to any person under the provisions of this chapter, the various funds created by this chapter, and all moneys and investments and income thereof, are hereby exempt from any state, county, municipal, or other local tax, and shall not be subject to execution, garnishment, attachment, the operation of bankruptcy or insolvency laws, or other process of law whatsoever, and shall be unassignable: . . .

■ The basic rule of statutory construction applies here: where the language of a statute is unambiguous, no construction is needed. An important corollary is that exceptions and matters not present will not be read into a statute. *King County v. Seattle*, 70 Wn.2d 988, 425 P.2d 887 (1967). The language of RCW 41.40.380 is plain and clearly answers the two questions raised by this appeal.

■ Contrary to Mrs. Boronat's first contention, a public employee does have a statutory right, upon termination of employment, to a refund of his contributions to the retirement fund. The right to a refund is a "right" contemplated by the language "any other right accrued or accruing to any person under the provisions of this chapter, . . ." Each member of the retirement system is required to contribute a certain percentage of his compensation to the fund. RCW 41.40.330. Such contributions are to be placed in an employees' savings fund with all other employees' contributions. RCW 41.40.100. An employee is entitled to receive an amount equal to his contributions to the fund upon termination of employment. RCW 41.40.260. The exemption of RCW 41.40.380 applies to an employee's contributions to the fund.

In support of her second contention that the exemptions

of this statute do not apply to actions to enforce judgments for alimony and child support, Mrs. Boronat relies primarily upon *Pishue v. Pishue*, 32 Wn.2d 750, 203 P.2d 1070 (1949) and cases from other jurisdictions in which it has been held that particular statutory exemptions do not bar enforcement of judgments for alimony. In each of these cases, however, it was held that the statute in question prohibited attachment only by creditors and that since alimony is not a debt, the otherwise exempted funds could be reached.

The language of RCW 41.40.380 is much broader than the language in these cases. The exemption is not limited to "creditors" or "debts." The rights granted by the retirement system are not subject to garnishment "or other process of law whatsoever." No exception is made in the statute, and we will read none into it.

Our state Supreme Court reached a similar conclusion in a case involving an attempt to enforce an alimony judgment despite a homestead exemption. In *Stafford v. Stafford*, 18 Wn.2d 775, 140 P.2d 545 (1943), the applicable statute provided that " *'The homestead is exempt from execution or forced sale, except as in this act provided;* . . .' " and allowed for two exceptions not related to the collection of alimony. *Stafford v. Stafford, supra* at 781. The court held that the statute prohibited the enforcement of a wife's judgment for unpaid alimony against her husband's homestead. It distinguished earlier Washington cases in which it was held that an alimony judgment was enforceable despite a statutory exemption on the basis that those exemptions applied only to debts. The court found that the homestead exemption statute did not apply to only debts, but all executions, and concluded that if the legislature had intended that alimony judgments be excepted from the homestead exemption it would have so stated. We, too, decline to carve out an exception which cannot be found in the language of the statute, especially since here it is such strong language.

In accord with our decision is *Ogle v. Heim*, 69 Cal. 2d 7,

442 P.2d 659, 69 Cal. Rptr. 579 (1968) and the companion case of *Miller v. Superior Court*, 69 Cal. 2d 14, 442 P.2d 663, 69 Cal. Rptr. 583 (1968). Involved in those cases was a section of a public employees pension act which provided that payments from the fund after receipt by a pensioner " 'are not subject to execution, garnishment, attachment, *or any other process of court whatsoever, and are unassignable. . . .*' " *Ogle v. Heim, supra* at 8. Applying the rule of statutory construction that a court should not read an exception into a statute where none exists, the California Supreme Court held that a judgment for alimony and child support could not be satisfied from the husband's retirement benefits exempted by the statute. *Accord, Utley v. Utley*, 355 Mass. 469, 245 N.E.2d 435 (1969).

The judgment is affirmed.

PEARSON and PETRIE, JJ., concur.