Rockingham
No. 7320

MARILYN J. FOWLER

v.

WILLIAM A. FOWLER, JR., *& a.*

July 30, 1976

*Shaw and Robertson* and *Norman C. Gile (Mr. Bernard J. Robertson* orally) for the plaintiff.

Defendant William A. Fowler, Jr., filed no brief.

*Warren B. Rudman,* attorney general, and *Roger G. Burlingame,* assistant attorney general *(Mr. Burlingame* orally), for the intervenor, Robert W. Flanders, as trustee of the New Hampshire Retirement System.

LAMPRON, J. The following two questions were transferred without ruling by *Douglas,* J., for determination by this court.

"1. Are RSA 103:18 of the [Policemen's Retirement System] and RSA 100-A:26 (Supp. 1975) of the [New Hampshire Retirement System] applicable to the attachment in this case [of benefits received thereunder to satisfy arrearages ordered by the court to be paid by the defendant in a divorce decree for the support of the four minor children of the parties]?

"2. If so, do they violate the plaintiff's and children's right to equal protection of the law under the Fourteenth Amendment to the Constitution of the United States and their right to have [a] free, complete and prompt legal remedy under Part 1, Article 14, of the Constitution of the State of New Hampshire?"

RSA 103:18 provides in part as follows: "The payments made by permanent policemen to the board and the benefits or compensation received hereunder shall be exempt from taxation, attachment, and the operation of laws relating to insolvency or

bankruptcy...." Similarly, RSA 100-A:26 (Supp. 1975) provides in part as follows: "The right of a person to any benefit... under the provisions of this chapter, and the monies in the funds created thereby... shall not be subject to execution, trustee process, attachment or any other process whatsoever, legal or equitable...." The record is silent as to the system under which defendant receives his retirement benefits. However, it makes no difference for the purposes of this appeal.

Robert W. Flanders, State treasurer and a trustee of the Policemen's Retirement System (RSA ch. 103), moved to vacate the order of attachment as inconsistent with the exemptions contained in RSA 103:18 and RSA 100-A:26 (Supp. 1975). The court denied this motion and ordered that all retirement benefits to which the defendant is entitled be paid into the superior court and placed in an interest bearing account pending further order of that court or until a decision by this court.

"The pensioning of civil servants [or the provisions for retirement benefits] is designed primarily to attain suitable standards of service at a relatively low wage cost, by a guarantee against want when the servant's years of productivity have ended, thus heightening the morale of the workers and enhancing the quality of the service." *Thiel v. Thiel,* 41 N.J. 446, 451, 197 A.2d 354, 357 (1964), *quoting Fischer v. Fischer,* 13 N.J. 162, 165-66, 98 A.2d 568, 569 (1953). Retirement funds, most of which provide for disability benefits as well (RSA 100-A:6 (Supp. 1975); RSA 103:15) are created for the protection of not only the employee, but for the protection of his family as well. Hence, the provisions exempting assignments and attachments contained therein are to relieve the person exempted from the pressure of claims that are hostile to his and to his dependents' essential needs. *McDonald v. McDonald,* 351 Mich. 568, 577, 88 N.W.2d 398, 402 (1958).

The State has demonstrated a similar interest in insuring the support of minor children by the father. RSA 460:23 (Supp. 1975) makes it a criminal offense if a father "shall neglect to maintain his wife or children when such wife or children are dependent upon his earnings for support...." In proceedings for divorce by the parents, temporary allowances for the maintenance of their minor children are authorized to be made by the court. RSA 458:16 (Supp. 1975). If a divorce is granted "the court shall make such further decree in relation to the support... of the children as shall be most conducive to their benefit, and may order a reasonable provision for their support and

education . . . ." RSA 458:17 (Supp. 1975). The superior court is authorized to require security to insure the child support payments decreed in such a proceeding. RSA 458:21; *see Calderwood v. Calderwood,* 114 N.H. 651, 654, 327 A.2d 704, 706 (1974).

Furthermore, this court has held that the superior court has the power under the latter section to order a father to provide a fund for the support of his minor children which will be effective after his death and binding on his estate. *Guggenheimer v. Guggenheimer,* 99 N.H. 399, 112 A.2d 61 (1955). In fixing the child support payments ordered to be paid by the divorced father, we have held that income of the husband received from a retirement fund can be taken into account whether it can be reached by attachment or not. *Athorne v. Athorne,* 100 N.H. 413, 416, 128 A.2d 910, 914 (1957). Further proof of the concern of the legislature and of the courts to insure the payments of child support by a divorced father would be superfluous.

However, no matter how desirable it would be to make available defendant's retirement benefits for the support of his four minor children as ordered by the trial court, we are bound to respect the intent of the legislature clearly expressed in RSA 103:18 and RSA 100-A:26 (Supp. 1975). There can be no doubt that the plaintiff's attempt to reach defendant's retirement benefits constitute an attachment within the exemptions mandated by those statutes. *Utley v. Utley,* 355 Mass. 469, 470, 245 N.E.2d 435, 436 (1969). If an attachment of these benefits or other means of reaching them were allowed, this would constitute a carving out of an exception which the precise language of these statutes will not permit. *Naum v. Naum,* 101 N.H. 367, 369, 143 A.2d 424, 426 (1958); *see Boronat v. Boronat,* 13 Wash. App. 671, 537 P.2d 1050 (1975).

Plaintiff argues that the exemptions in these statutes violate her right and that of her children to the equal protection of the laws under the fourteenth amendment to the United States Constitution and to their right to a remedy for the wrong suffered by the failure of the defendant to support his children guaranteed by part I, article 14 of the New Hampshire constitution.

The thrust of plaintiff's argument as to the Federal Constitution is that these exemptions are arbitrary as they give former public employees a special immunity not shared by the general class of debtors. However, as we have previously stated in this opinion, these exemptions serve the public purpose of enabling the State to secure adequate service at a relatively low cost by insuring the public employee funds with which to live when his

years of productivity have ended. They apply to all creditors so that plaintiff is not treated more or less favorably than other creditors but equally. *Belkner v. Preston,* 115 N.H. 15, 17-19, 332 A.2d 168, 170, 171 (1975); *Valley Bank v. State,* 115 N.H. 151, 154-55, 335 A.2d 652, 654 (1975); 31 Am. Jur. 2d *Exemptions* § 4.5 (1967).

The remedies guaranteed by N.H. Const. pt. I, art. 14 are to be "conformably to the laws". "This means the rules of statutory and common law applicable at the time the injury is sustained." *Opinion of the Justices,* 113 N.H. 205, 210, 304 A.2d 881, 885 (1973). The exemptions from attachment in RSA 103:18 and RSA 100-A:26 (Supp. 1975) were part of the statutory laws of our State when plaintiff obtained her divorce in 1974 and this provision is not violated.

We recognize that a plausible argument can be made that these exemptions are designed to protect not only the retiree himself, but also his family. *Thiel v. Thiel,* 41 N.J. 446, 197 A.2d 354 (1964). Consequently, it is argued, the shield which they provide to the retiree and his family from the claims of the ordinary hostile creditor should not be used by the retiree as a sword to cut off what might be the only available source of support for his wife and children other than public welfare. *See Gerold v. Gerold,* 6 Ore. App. 353, 488 P.2d 294, 295 (1971).

The legislature may find it in the public interest to review these exemptions. Consideration could be given to providing that these otherwise exempt retirement benefits could be made subject to a court order based on a determination that justice and equity dictate that part or all of the benefits be paid into court or to the probation department as part of an order for support of the minor children, or of the wife of the retiree. Such a provision can be found in keeping with this court's holding in *Athorne v. Athorne,* 100 N.H. 413, 416, 128 A.2d 910, 914 (1957), that the income of the husband received from a retirement fund can be taken into account in fixing child support.

The answer to transferred question No. 1 is "Yes," the exemptions in RSA 103:18 and RSA 100-A:26 apply to the attachment made in this case. The answer to transferred question No. 2 is "No," they do not violate the Federal or our State constitution.

*Remanded.*

All concurred.