484 A.2d 168

**Cynthia L. PARKER**

v.

**Denton E. PARKER, Appellant.**

Argued June 7, 1984.

Filed Nov. 9, 1984.

Warren R. Baldys, Jr., Williamsport, for appellant.

John P. Campana, Williamsport, for appellee.

Before McEWEN, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from the Order of the Court of Common Pleas, Lycoming County, entered January 4, 1983, directing appellant/husband to pay $105 per week alimony pendente lite to his wife, Cynthia L. Parker.[1] Wife filed for divorce on February 16, 1982, requesting, inter alia, alimony pendente lite, interim counsel fees and costs. A hearing was conducted before a master, and findings and recommendations were made on wife's requests. Exceptions were timely filed to the master's proposed order, and the lower court, after a hearing, entered the appealed from order. This appeal followed. The single issue on appeal is whether service-connected disability benefits paid by the Veterans' Administration to appellant can be considered in determining the amount of alimony pendente lite to be awarded. We hold that such benefits may be considered and, therefore, affirm the order of the lower court.

Our scope of review of an award of alimony pendente lite is limited to determining whether or not the trial court has manifestly abused its discretion in awarding or denying alimony pendente lite. *Cross v. Cross*, 310 Pa.Super. 124, 456 A.2d 214 (1983).

The record discloses that the parties were married in 1975. Wife receives $127 per month from Social Security and $145 per month from the Veterans' Administration. She is trained as a beautician but remains in the home as the primary caretaker of the parties' two children. The lower court found that she could earn approximately $240 per month as a beautician working from her home. Appellant is certified as disabled resulting from his tenure in the

---

1. Appellant was also ordered to pay arrearages and interim costs to reimburse the master's fee. This part of the order is not challenged on appeal.

military. Due to his disability, he receives $682 per month from Social Security and $1177 per month from the Veterans' Administration. Appellant also has a modest cash savings and a rental property.

Appellant argues that the lower court erred in considering his service-connected disability Veterans' Administration benefits in determining the amount of the award of alimony pendente lite since 38 U.S.C.A. § 3101(a) provides that those benefits are exempt from the claims of creditors. That code section states the following:

Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary....

The purpose of the exemption under 38 U.S.C.A. § 3101(a) is to protect the recipient of the benefits from claims of creditors, *see In re Estate of Pierce*, 492 Pa. 10, 421 A.2d 1065 (1980) (and cases cited therein), and to afford some degree of security to the recipient's family and dependants. *State ex rel. Eastern State Hospital v. Beard*, Okl., 600 P.2d 324 (1979). Section 3101(a) does not apply in this case since a wife seeking to recover alimony pendente lite is not a "creditor" of her husband, the claim not being based upon a debt. *See Magrini v. Magrini*, 263 Pa.Super. 366, 371 n. 3, 398 A.2d 179, 181 n. 3 (1979); *Commonwealth v. Berfield*, 160 Pa.Super. 438, 441, 51 A.2d 523, 525 (1947); *Commonwealth ex rel. Peterson v. Peterson*, 100 Pa.Super. 600 (1930); *see also Commonwealth ex rel. Deutsch v. Deutsch*, 347 Pa. 66, 68, 31 A.2d 526, 527 (1943). Other jurisdictions agree. *See, Mims v. Mims*, Ala.App., 442 So.2d 102 (1983); *Smolin v. First Fidelity Savings and Loan Association*, 238 Md. 386, 209 A.2d 546 (1965) (and cases cited therein); *Gerold v. Gerold*, 6 Or.App. 353, 488

P.2d 294 (1971); *see also, Brown v. Brown,* 32 Ohio App.2d 139, 288 N.E.2d 852 (1972) (social security benefits); *Meadows v. Meadows,* Okl., 619 P.2d 598 (1980) (workman's compensation benefits); *Dillard v. Dillard,* Tx.App., 341 S.W.2d 668 (1960). Furthermore, the instant proceeding is not litigation in which the wife seeks to attach, levy or seize appellant's veterans' benefits. Suffice it to say, 38 USCA § 3101(a) does not preclude consideration of these benefits by the court as a source of income coincident to appellant's ability to pay and upon which an award of alimony pendente lite may, in the particular circumstances of the case, be based. *See, Orr v. Orr,* 315 Pa.Super. 168, 461 A.2d 850 (1983); *Bees v. Bees,* 255 Pa.Super. 19, 386 A.2d 114 (1978).

■■■ Appellant also argues that 42 U.S.C.A. § 659(a) and 42 U.S.C.A. § 662(f)(2) bar from consideration service-connected disability payments. Section 659(a) states the following:

**Enforcement of individual's legal obligations to provide child support or make alimony payments**

(a) United States and District of Columbia to be subject to legal process

Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.

Section 662(f)(2) states the following:

For purposes of section 659 of this title—

. . . .

(f) Entitlement of an individual to any money shall be deemed to be "based upon remuneration for employment", if such money consists of—

(1) . . .

(2) periodic benefits . . . which provides for the payment of pensions, retirement or retired *pay*, annuities, dependents or survivors' benefits, or similar amounts payable on account of personal services performed by himself or any other individual (*not including* any payment as compensation for death under any Federal program, any payment under any Federal program established to provide "black lung" benefits, any payment by the Veterans' Administration as pension, or *any payments by the Veterans' Administration as compensation for a service-connected disability or death,* . . .), and does not consist of amounts paid, by way of reimbursement or otherwise, to such individual by his employer to defray expenses incurred by such individual in carrying out duties associated with his employment.

With the passage of this act, Congress intended to remove the bar of sovereign immunity enjoyed by the United States so as to permit garnishment of pays of federal employees who might otherwise fail to make alimony or support payments.[2] Appellant contends that Congress intended to prohibit evidence of receipt of Veterans' Administration benefits in the consideration of the amount of alimony pendente lite. Furthermore, appellant contends that consideration of these benefits contravenes the Supremacy Clause, U.S. Constitution, Art. VI, cl. 2. Such contentions are unsupportable. It is true that appellant's benefits are service-connected and, therefore, are not ". . . moneys [ ( ]the entitlement to which is based upon remuneration for employment[ ) ] . . ." under § 659(a). While it may be correct that these payments in the hands of the government are not subject to legal process brought for the enforce-

2. *See* 4 U.S.Code Cong., and Admin.News, 93rd Congress, 2d Session, pp. 8133, 8157. *See also Diaz v. Diaz,* 568 F.2d 1061 (4th Cir.1977); *Young v. Young,* 547 F.Supp. 1 (W.D.Tenn.1980); *Meadows v. Meadows, supra.*

354

ment of appellant's legal obligation to make a payment of alimony pendente lite, nothing here persuades us that these benefits cannot be considered in determining the amount of the award. *See Meadows v. Meadows, supra; compare Miller v. Miller,* 96 N.M. 497, 632 P.2d 732 (1981).

We find that the trial court has not manifestly abused its discretion and, therefore, affirm the order of the lower court.

Order affirmed.