Bamco 18 v. R. Bruce Reeves          CV-95-481-B    04/05/96
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


Bamco 18

     v.                                      Civil No. 95-481-B

R. Bruce Reeves


                         O R D E R

     Bamco 18, a New York general partnership, obtained a
$2,224,645 civil judgment against R. Bruce Reeves in the Southern
District of New York.  Reeves is the grantor, sole trustee, and
an 86.22% beneficial owner of the Christian Hill Trust I.  In
this action, Bamco has sued Reeves in his individual capacity and
in his capacity as trustee in an effort to collect the judgment
in the prior action from the trust proceeds.  Bamco moves for
summary judgment.  For the reasons that follow, I grant the
motion.


                    I.  BACKGROUND

     The Christian Hill Trust I ("Trust") was established in 1989
by Reeves and several members of his family.  At that time, the
Trust property was listed as having a total value of

$2,056,411.00.  Reeves contributed 86.22% of the Trust property while the other family members contributed the remainder.  In addition to being a grantor, Reeves is named as both the trustee and a beneficiary.  The other grantors, who are also beneficiaries, are Sandra J. Reeves, Kimberly Anne Reeves, and Robert Todd Reeves.

The trust instrument directs the trustee to distribute the income and principal for the best interests of the beneficiaries in the exercise of his discretion except that it requires approval of at least three beneficiaries to distribute an amount greater than a beneficiary's beneficial interest in the Trust.  The beneficial interest is the percent of each grantor's contribution to the Trust property.  The trust instrument also includes a "spendthrift" provision to prevent "income or principal distributable with respect to this trust" from being paid to or taken by creditors.

Bamco 18 was awarded a civil judgment in the amount of $2,324,645.00 against Reeves on March 4, 1990, in the Southern District of New York.  Reeves filed for bankruptcy protection on April 15, 1990.  Bamco registered the judgment with this court in September 1994, and when the bankruptcy court ordered Bamco's judgment nondischargeable, Bamco began to investigate Reeves's

assets.  Bamco learned that Reeves had no assets in his own name to satisfy its judgment against him, but that the Trust held valuable assets.  In October 1995, Bamco filed its complaint to satisfy its judgment from Reeves's interest in the Trust and now moves for summary judgment.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the facts taken in the light most favorable to the nonmoving party show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Barbour v. Dynamics Research Corp., 63 F.3d 32, 36-37 (1st Cir. 1995), cert. denied, 116 S.Ct. 914 (1996).  A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the facts are undisputed, the moving party must establish that it is entitled to judgment as a matter of law.  Desmond v. Varrasso (In re Varrasso), 37 F.3d 760, 764

(1st Cir. 1994).  I apply these standards in ruling on Bamco's motion.

## ANALYSIS

Bamco argues that it is entitled to reach Reeves's interest in the Trust, despite the spendthrift provision, because Reeves is both a grantor and a beneficiary.  New Hampshire, like most other jurisdictions, follows the general rule that allows creditors to reach property held in trust when a grantor is also a beneficiary of the trust.[1]  Brahmey v. Rollins, 87 N.H. 290 (1935);[2] see also, e.g., Markham v. Fay, 74 F.3d 1347, 1356 (1st

---

[1]  Because there are other beneficiaries the legal and equitable title to the trust property do not merge.  See  2 Austin W. Scott & William F. Fratcher, The Law of Trusts § 99.3 at 803 (3d ed. 1967).

[2]  In his objection to summary judgment, Reeves misunderstands Brahmey in which the court pointed to a logical inconsistency in the case law of states that recognize spendthrift trusts formed for the benefit of others when the "the cases are in accord in holding that an owner is unable to bar his creditors from reaching the income of a trust when he has declared the trust and is to have the income."  Id. at 298.  Arguing against spendthrift trusts in both instances, the court noted that logically there should be no difference between a settlor's ability to reserve a property interest for himself and for the benefit of his beneficiaries because "otherwise he is allowed to do more for another than he may for himself."  Id.  Thus, New Hampshire not does not recognize the protection of a spendthrift provision in a self-settled trust, or in a non-

4

Cir. 1996) (Massachusetts law); In re Markmueller, 51 F.3d 775, 776 n.3 (8th Cir. 1995) (Missouri law); Halliburton Co. v. E.H. Owen Family Trust, 773 S.W.2d 453, 457 (Ark.App. 1989) (collecting the law of other jurisdictions). The general rule is stated in the Restatement (Second) of Trusts as follows:

> (1) Where a person creates for his own benefit a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest.

> (2) Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit.

Restatement (Second) of Trusts § 156 (1959); accord 2A Austin W. Scott & William F. Fratcher, The Law of Trusts § 156 (3d ed. 1967). As it is undisputed that Reeves was both the majority grantor of Trust property and is a Trust beneficiary, the Trust's spendthrift provision is ineffective despite the trustee's discretionary authority to distribute trust income and principal.

Although Bamco asks for an order allowing it to reach all of the Trust's assets, it has provided no evidence to support its

---

discretionary spendthrift trust for another person. Id.; see also Athorne v. Athorne, 100 N.H. 413, 416 (1959) (discussing different effect of spendthrift provision on discretionary and nondiscretionary trust benefits).

claim to more than Reeves's beneficial interest.  Bamco has not shown that the other beneficiaries have agreed to allow distribution of more than Reeves's beneficial interest, as required under the terms of the Trust, nor has Bamco pointed to other Trust provisions that would allow it to reach more than Bruce Reeves' share of the assets.  Cf., e.g., Markham, 74 F.3d at 1357-60 (grantor had power under trust to revoke interests of other beneficiaries); In re Harline, 950 F.2d 669, 671 (10th Cir. 1991) (person who alone was grantor, trustee, and beneficiary retained "complete dominion" over trust property making it all available to creditors), cert. denied, 505 U.S. 1204 (1992); Restatement (Second) of Trusts) § 156 cmt. (f) (1956) (grantor is the one who provides the trust property regardless of who is named grantor).[3]  Therefore, applying the general rule, Bamco is entitled to reach only Reeves's 86.22 % interest in the Trust property.

To determine which and how much property should be awarded

---

[3]  Although Schedule A shows that the property granted to the trust by Kim and Robert Reeves was a gift to them from their father, R. Bruce Reeves, Bamco has not established that Reeves was the grantor in fact of the property.  In addition, there is no indication of the source of the property granted by Sandra Reeves.

to Bamco, I order Reeves to provide an accounting of Trust property to be completed within thirty days of the date of this order.  See N.H. Rev. St. Ann. § 498:8 (1983).  Once the property and value of the Trust is established, Bamco may petition the court for additional relief.

## III.  CONCLUSION

For the foregoing reasons, Bamco's motion for summary judgment (document no. 8) is granted as described above.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 5, 1996

cc:  George B. Pressly, Esq.
     Grenville Clark, III, Esq.