J-A07006-15

2015 PA Super 75

| | |
|---|---|
| CHRISTOPHER M. BOBACK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JENNIFER O. ROSS AND DAVID A. ROSS | |
| APPEAL OF:  DAVID A. ROSS | No. 941 WDA 2014 |

Appeal from the Order May 9, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR 13-004860

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

OPINION BY BENDER, P.J.E.:                    **FILED APRIL 14, 2015**

David A. Ross ("Garnishee") appeals from the May 9, 2014 order that states in pertinent part:

> Execution on the Judgment against Garnishee David A. Ross shall be held in abeyance so long as the Judgment is paid to Plaintiff Christopher M. Boback at the rate of Four Hundred Dollars ($400.00) per month for twenty (20) consecutive months beginning as of the date of this Order by having Plaintiff Christopher M. Boback intervene as a judgment-creditor in the case captioned as *Jennifer O. Ross vs. David A. Ross*, Docket No. FD-12-001508-011, PACSES Case No. 440113454 (Court of Common Pleas of Allegheny County, Pennsylvania) and by having Plaintiff Christopher M. Boback added as an alternate payee to the Order of Court dated January 24, 2014 … so that he shall collect his Judgment in installments of $400.00 per month for 20 consecutive months from the payments collected and disbursed by the Pennsylvania State Collection and Disbursement Unit ("Pa SCDU")."

Trial Court Order, 5/9/14, at ¶ 5.  The trial court also directed that "the Department of Court Records shall assess the amount of the unliquidated Judgment filed against Garnishee David A. Ross on April 21, 2014, to be fixed in the amount of $8,000.00[.]"  *Id.* at ¶ 4.  After review, we reverse.

Garnishee and Jenifer O. Ross ("Wife") were formerly husband and wife and are the parents of three children. During a portion of the divorce litigation, namely, the child and spousal support proceedings, Christopher M. Boback ("Boback") represented Wife against Garnishee. On October 18, 2013, Boback withdrew from his representation of Wife due to unpaid fees. Wife retained new counsel and on January 21, 2014, Garnishee and Wife entered into consent orders relating to custody and support and signed a marital settlement agreement (MSA). Pursuant to the MSA, Garnishee was required to pay Wife alimony and child support through PACSES by way of a wage attachment on Garnishee's wages.

On October 22, 2013, Boback filed a civil complaint against Wife seeking the outstanding attorney's fees due him. A verdict was rendered in the amount of $7,483.80 for Boback and against Wife when she failed to appear at the scheduled hearing on February 18, 2014. Judgment was entered on March 17, 2014. Thereafter, Boback began execution proceedings, directing interrogatories to Garnishee, who in his answer acknowledged that he owed Wife monthly alimony and child support payments.[1] Based on this acknowledgment, on April 21, 2014, Boback filed

_____

[1] The pertinent question and the answer provided by Garnishee to Boback's interrogatories states:

1. At the time you were served or at any subsequent time did you owe [Wife] any money or were you liable to [Wife] on any

*(Footnote Continued Next Page)*

a praecipe for judgment by admission against Garnishee in an unliquidated amount.  Boback also filed a motion for a hearing to assess the amount of the judgment.  On May 9, 2014, Garnishee moved to strike the judgment and for attorney's fees "on the grounds that it was inappropriate for the Department of Court Records to have entered judgment against [Garnishee] based on his answers to the interrogatories…."  Garnishee's brief at 7.

Rather than holding a hearing on May 9, 2014, the trial court heard argument on Garnishee's motion to strike the judgment and on Boback's motion to fix the amount of the judgment.  The court then entered the above-quoted order, essentially entering judgment in Boback's favor against Garnishee for $8,000.00, directing Boback's intervention in Garnishee's and Wife's support case, and permitting Boback to receive $400.00 per month for 20 months from Garnishee's payments to Pa SCDU until Boback's judgment was paid.

_(Footnote Continued)_ _____

negotiable or other written instrument, or did [Wife] claim that you owed [Wife] any money or were liable to [Wife] for any reason?

ANSWER:  Nothing other than the monthly alimony and child support payment I owe her each month.

Garnishee's Answers to Interrogatories, 4/21/14, ¶ 1.

Garnishee filed a timely appeal,[2] and now raises the following issues for review:

A. Did the Allegheny County Department of Court Records err in granting a Judgment by Admission against Garnishee, Ross?

B. Did the trial court err in refusing to strike or open the judgment by admission against Garnishee, Ross?

C. Did the trial court err in entering judgment against Garnishee, Ross, without an evidentiary hearing, in the amount of $8,000?

Garnishee's brief at 5.

We begin by noting that Pa.R.C.P. 3146(b) authorizes the entry of judgment against a garnishee based on admissions contained in answers to interrogatories. Rule 3146(b) states in pertinent part that:

(b)(1) … [t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the garnishee for the property of the defendant admitted in the answer to interrogatories to be in the garnishee's possession, subject to any right therein claimed by the garnishee, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs. The entry of judgment shall not bar the right of the plaintiff to proceed against the garnishee as to any further property or to contest any right in the property claimed by the garnishee.

Pa.R.C.P. 3146(b)(1). However, "[a]dmissions of a garnishee in answers to a judgment creditor's interrogatories will support the entry of a judgment thereon 'only in a clear case, where there is a distinct admission of liability

_____

[2] No order requesting the filing of a Pa.R.A.P. 1925(b) statement was issued by the trial court, therefore, Garnishee did not file a statement.

by the garnishee….'" ***Ruehl v. Maxwell Steel Co. Inc.***, 474 A.2d 1162, 1163-64 (Pa. Super. 1984) (quoting ***Bartram Building and Loan Assoc. v. Eggleston***, 6 A.2d 508,510 (Pa. 1939)). The ***Ruehl*** case further discussed this principle by quoting the following comment from Goodrich-Amram 2d § 3146(b):1.1:

> Certainly if there is any doubt regarding the garnishee's admission, the prothonotary cannot and should not enter judgment on the plaintiff's praecipe. The prothonotary, who acts in this regard in a purely ministerial capacity, can enter judgment only if the answers are clear and unequivocal; to analyze or interpret the garnishee's answers would be in effect to exercise a judicial function, which is in excess of his powers. The prothonotary should be guided by the usual practice in assumpsit actions. Conformity to that practice is in fact dictated by Rule 3145(a). In assumpsit, judgment on admissions in the pleadings -- perhaps the closest analogue to judgment against the garnishee on the basis of admissions in his answer -- cannot be entered unless some part of the plaintiff's claim is "unequivocally and unqualifiedly admitted to be due by the defendant's answer." (emphasis added) (footnotes omitted).

***Ruehl***, 474 A.2d at 1164. "Where judgment against a garnishee is improperly entered on the basis of admissions in the garnishee's answers to interrogatories, the judgment may be stricken." ***Id.***

Because Garnishee's three issues are interrelated, we address them together. Garnishee first argues that the court erred in granting judgment by admission against him based upon the court's assumption that alimony and child support "constitute a 'debt' for purposes of garnishment…." Garnishee's brief at 10 (citing Trial Court Opinion, 7/8/14, at 2). Garnishee also asserts that the Department of Court Records (DCR) should not have

entered judgment on Boback's praecipe, based solely on Garnishee's answer to Boback's interrogatory in that the answer was "ambiguous and did not admit that he owed [Wife] a debt." *Id.* at 11. Garnishee further claims that "the DCR could not clearly determine that [Garnishee] has or had any of [Wife's] 'property' in his possession that might be subject to garnishment and as a result, should have refused to enter judgment by admission." *Id.* at 11-12.

Additionally, Garnishee contends that only "debts [that] are not dependent upon a contingency but are certain and payable are properly attachable in garnishment proceedings." *Id.* at 13 (citing *Brown v. Canderola*, 708 A.2d 104, 108 (Pa. Super. 1998) ("Only such debts as are not dependent upon a contingency but are certain and payable are properly attachable in garnishment proceedings.")). Then, providing a number of examples, Garnishee indicates that "[s]upport payments, whether in the form of alimony or child support, are subject to a wide variety of contingencies." *Id.* *See* 23 Pa.C.S. § 3701(e) (providing that upon substantial and continuing changed circumstances of either party, the alimony "order may be modified, suspended, terminated or reinstituted or a new order made.").

Also, in connection with this point, Garnishee discusses whether Garnishee's support obligation is in fact a "debt" that can be garnished. Garnishee, noting the limited number of cases dealing with this subject,

- 6 -

provided this Court at argument with a recent case that discussed this subject, *i.e.*, whether alimony and support are recognized as debts. **See Uveges v. Uveges**, 103 A.3d 825 (Pa. Super. 2014). The **Uveges** case deals with a former wife's right to attach her ex-husband's disability benefits that he was receiving under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901, *et seq.* This Court affirmed the trial court's decision allowing the attachment so that the wife could recoup the $2,500.00 per month permanent alimony, with arrearages of $56,912.80, as prescribed by the parties' agreement. In arriving at its decision, this Court in **Uveges** stated that "Pennsylvania precedent has recognized that a spouse's alimony and/or support obligations are not 'debts.'" **Id.** at 830. The **Uveges** decision relied in part on **Parker v. Parker**, 484 A.2d 168, 169 (Pa. Super. 1984), concluding that

> [an] anti-attachment clause in the statute governing the husband's service-connected disability Veterans' Administration benefits did not preclude the trial court from considering those monthly payments as a source of income for alimony pendente lite purposes. This Court noted that the purpose of the anti-attachment clause was "to protect the recipient of the benefits from claims of creditors, and to afford some degree of security to the recipient's family and dependents." **Parker**, 484 A.2d at 169 (citations omitted). Given this purpose, we concluded that the anti-attachment clause did not apply "*since a wife seeking to recover alimony pendente lite is not a 'creditor' of her husband, the claim not being based on a debt.*" **Id.**

**Uveges**, 103 A.3d at 828 (citing **Parker**, 484 A.2d at 169) (emphasis added). **See also Hogg v. Hogg**, 816 A.2d 314 (Pa. Super. 2003) (stating "[t]raditionally, the Bankruptcy Code has protected non-debtor spouses and

children by precluding discharge of a debtor spouse's alimony and support obligations").

What we glean from the above-stated case law is that the support/ alimony due Wife is not a debt that is owed to her by Garnishee, nor is Wife a creditor. Therefore, Boback's praecipe for judgment by admission should not have been entered against Garnishee. This is "consistent with the historical treatment by Pennsylvania appellate courts of anti-attachment clauses vis-à-vis a claim for support or alimony." **Uveges**, 103 A.3d at 830. Moreover, we note that the court's determination that Boback was owed $8,000.00 was not based upon any evidence of record, since the court did not hold a hearing at which evidence could have been presented to establish the specific amount owed to Boback at this juncture. As for Garnishee's first issue, alleging an error by the DCR, it appears from the certified record that the DCR entered judgment by admission at the direction of the trial court; however, under the circumstances here, the DCR should not have entered judgment in that the monies owed Wife from Garnishee were dependent on possible future changes in circumstances. **See Brown, supra**. Accordingly, we reverse the determination that Boback holds a judgment by admission against Garnishee. Boback is not entitled to receive $400.00 per month for 20 months from payments collected by the Pa SCDU.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2015