**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MEGHAN PIENIAZEK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL PIENIAZEK | : | |
| | : | |
| Appellant | : | No. 838 MDA 2023 |

Appeal from the Order Entered May 4, 2023
In the Court of Common Pleas of Centre County
Domestic Relations at No(s):  2019-00270-S,
PASCES No. 858117830

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: APRIL 5, 2024**

Michael Pieniazek ("Father") appeals the Centre County Court of Common Pleas' order directing him to pay $1,370 monthly in child support for the two minor children he shares with Meghan Pieniazek ("Mother"). Father argues the trial court improperly included his military service-connected disability benefit when calculating his child support obligation. We disagree, and we therefore affirm the trial court's order.

Mother and Father signed a Marital Settlement Agreement ("MSA") in June 2022. Mother filed a petition to modify child support on October 12, 2022. The trial court entered an order on December 16, 2022 calculating Father's monthly income for child support purposes as $4,812.63, which included the

_____

[*] Retired Senior Judge assigned to the Superior Court.

$3,621.95 military service-connected disability benefit Father receives each month.

Father requested a hearing on the basis that the court improperly calculated his income. The court held a hearing on March 9, 2023. At the hearing, Father argued Mother had waived any interest in his military service-connected disability benefit in the MSA. Specifically, Father asserted the MSA contained a provision stating that Father "shall retain … the military retirement (and any disability portion thereof) currently titled in his name as his sole and separate property," with Mother waiving any interest to these benefits. N.T., 3/9/23, at 3-4. Accordingly, Father maintained his military disability benefit was not available as income for child support purposes.

Mother argued, in turn, that the military disability benefit Father received was service-connected disability, which is an entirely different benefit from the military retirement benefits referenced in the MSA. According to Mother, Mother only waived her right to Father's military retirement benefit and the disability portion of that military retirement benefit. She explained the parenthetical referencing the disability portion of military retirement was "merely meant to clear up what would result should [Father] qualify to receive retirement disability and be forced to waive his own retirement payments (which are taxable) as an offset to retirement disability (which is not taxable) to receive the *tax-preferred* retirement disability." Appellee's Brief in Support

of Including Father's Service-Connected Disability in Father's Income, 4/10/2023, at 3-4, 4 n.2 (unpaginated)(emphasis in original).

The trial court agreed with Mother that Father's military service-connected disability benefit was includable as income for purposes of child support. In support, the trial court first pointed out that in the context of support matters, both the Domestic Relations Act and the Rules of Civil Procedure define "income" as including "temporary or permanent disability benefits." Trial Court Opinion and Order, 5/4/2023, at 3 (*quoting* 23 Pa.C.S.A. §4302; Pa.R.C.P. 1910.16-2(a)(6)).

In accepting Mother's argument that she had not waived her interest in Father's military service-connected disability benefit, the court agreed with Mother that this benefit was distinct from the military retirement benefits Mother had waived in the MSA. To that end, the court noted that "military retirement benefits" are listed separately from the above-referenced "disability benefits" in Section 4302's list of sources of income for support matters. **See** 42 Pa. C.S.A. §4302. Likewise, the court noted the Rules of Civil Procedure lists "pensions and all forms of retirement" separately from the above-referenced "disability benefits" in its list of income sources for child support purposes. **See id.**

The court also emphasized that the United States Code lists military service-connected disability benefits in a separate section than those sections of the Code addressing military retirement benefits. **See** Trial Court Opinion

- 3 -

and Order, 5/4/2023, at 4 (*citing* 38 U.S.C.S., Pt. II, Ch. 11 ("Compensation for Service-Connected Disability or Death"); 10 U.S.C.S. Ch. 58-74 (describing military retirement benefits, including 10 U.S.C.S. Ch. 61 entitled "Retirement or Separation for Physical Disability)).

As such, the court essentially found that while Mother waived her right in the MSA to any military retirement benefits or any disability portion of those retirement benefits Father may qualify to receive, she had not waived any interest in Father's service-connected disability benefit.

Given its conclusion that Mother had not waived any interest in Father's service-connected disability benefit, the court ruled it was includable as income for child support purposes under 23 Pa. C.S.A. §4302 and Pa.R.C.P. 1910.16-2(a)(6). The court also explained that this Court has specifically held that service-connected disability can be considered in determining an alimony pendente lite award, ***see Parker v. Parker***, 484 A.2d 168, 169 (Pa. Super. 1984), and found there was no reason the disability benefit should also not apply when calculating child support. The trial court therefore entered an order including Father's service-connected disability benefit in the calculation of his child support obligation for the two children.

Father filed a notice of appeal. Both Father and the trial court complied with Pa.R.A.P. 1925. Father raises a single claim on appeal, which renews his argument that the trial court erred by finding his "service-connected disability benefits can be considered 'income' for purposes of child support despite the

parties' Marital Settlement Agreement where [Mother] expressly waived an interest in his 'military retirement (and any disability portion thereof).'" Appellant's Brief at 5. This claim fails.

In the first place, the MSA is not in the certified record. As the appellant, Father was responsible for ensuring the MSA, on which his entire argument rests, was a part of the certified record sent to this Court. **See Erie Insurance Exchange v. Moore**, 175 A.3d 999, 1006 (Pa. Super. 2017). We acknowledge that Father does include a copy of the MSA in the reproduced record he filed with this Court, but the reproduced record does not serve as a substitute for the certified record. **See id.** at 1006, n.4, n.5 (stating that the certified record is the official record assembled by the clerk of courts whereas the reproduced record is prepared by the appellant and therefore, "the reproduced record and the certified record are two different things").

Even though we could find Father's argument waived on the basis of this omission, we note that Mother does not object to the omission, and critically, there is no dispute with the relevant language of the MSA. The trial court opinion, Mother's brief and Father's brief all quote the relevant potion of the MSA, found under the "RETIREMENT ACCOUNTS" section of the MSA, as:

> [Father] shall retain the State College Borough Police Department Pension Plan (and any disability portion thereof) and the military retirement (and any disability portion thereof) currently titled in his name as his sole and separate property. [Mother] hereby waives any and all claim and interest she has to said retirement and disability accounts.

Trial Court Opinion and Order, 5/4/2023, at 2; Appellees' Brief at 3-4; Appellant's Brief at 9-10 (emphasis removed).

There is no dispute that Father's monthly police department pension payment of approximately $3400 is not includable as income for purposes of calculating his child support obligation. Rather, as made clear above, the dispute centers on whether the military service-connected benefit Father receives should also be excludable as income in that calculation. We see no error in the trial court's conclusion that the military service-connected disability benefit Father currently receives is distinct from the military retirement benefits referenced and waived by Mother in the MSA, or the reasons it relied upon in reaching that conclusion. We add that even Father testified as to the difference between the two benefits:

[MOTHER's ATTORNEY]: This disability that you're claiming that's service-connected disability, correct?

[FATHER]: Correct.

[MOTHER's ATTORNEY]: So that's actually not retirement; correct?

[FATHER]: It's disability.

[MOTHER'S ATTORNEY]: Right. It's not classified as retirement, correct?

[FATHER]: No, I don't think so.

N.T., 3/9/2023, at 7-8.

Father argues on appeal, however, that the distinction between the two benefits is essentially "irrelevant" because it is the parties' intention as expressed in the MSA that controls. In this vein, Father asserts that because the only disability-related benefit he received at the time he and Mother signed the MSA was his military service-connected disability payment, it was clear it was Mother's intent to waive her lawful interests in that payment in the MSA.

Mother responds:

[J]ust because Father was receiving service-connected disability at the time, does not mean that is what Mother was waiving her rights to. Surely, given Father's age and work history, he would still have the opportunity to retire from military later in life and receive his pension benefits. … The plain meaning of the MSA is that Mother waived her right to "military retirement (and any disability portion thereof)"- she did not waive her rights to "military retirement and military [service-connected] disability."

Appellee's Brief at 11.

We agree with Mother that Father's argument is not supported by the plain language of the MSA. There, Mother only waived her right to any portion of any retirement disability benefits received by Father, which we have already concluded the trial court did not err in finding is distinct from the military service-connected disability at issue here.

Given that the two benefits are distinct, we also agree with Mother that she did not waive an interest to the military service-connected disability payment Father currently receives. We therefore see no abuse of discretion in the trial court's determination that this payment was properly included in Father's income for purposes of calculating his child support obligation. ***See***

***Portugal v. Portugal***, 798 A.2d 246, 249 (Pa. Super. 2002) (stating this Court reviews a trial court's calculation of the amount of child support for an abuse of discretion).

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/05/2024